### ALFRED F. WILCOX v. JOHN B. MUSCHE.

*Breach of covenant—Damages.*

W sold to M for less than $2000 a portion of certain premises subject to a mortgage on the whole to a third person for $6500, and besides giving a covenant of warranty and against other incumbrances, he covenanted to pay the mortgage when due. Failing to do this, M sued on the covenant and recovered, the measure of damages being fixed at the full amount secured by the mortgage, with interest. *Held* error. The mortgage debt was not due to M or to any one in his interest, and as he had suffered no loss and was abundantly protected, since the rest of the land, which was worth much more than the amount of the debt, would have to be resorted to before his lot could be touched, he was not entitled to more than nominal damages.

Error to Superior Court of Detroit. Submitted June 12. Decided June 18.

COVENANT. Defendant brings error.

*Henry Z. Potter* and *A. F. Wilcox* in person for plain-

tiff in error.   Breach of covenant against incumbrances will only support nominal damages where the covenantee has not been evicted and has paid nothing to remove the incumbrance, Rawle Cov. of Title, 184; Sedgwick on Measure of Damages, 199; *Prescott v. Trueman*, 4 Mass., 627; *Delavergne v. Norris*, 7 Johns., 358; *Hall v. Dean*, 13 Johns., 105; *De Forest v. Leete*, 16 Johns., 122; *Stanard v. Eldridge*, 16 Johns., 254; and where he has extinguished the incumbrance the measure of damages is the amount he has fairly paid to extinguish it, provided such sum does not exceed the purchase price, *Willson v. Willson*, 25 N. H., 229; *Comings v. Little*, 24 Pick., 266; *Foote v. Burnet*, 10 Ohio, 317; *Grant v. Tallman*, 20 N. Y., 191; *Harlow v. Thomas*, 15 Pick., 69; *Willets v. Burgess*, 34 Ill., 500; 4 Kent's Com., 582; if he has been evicted, the measure of damages has been held to be the value of the land at the date of eviction, with interest from that time, *Waldo v. Long*, 7 Johns., 173; *Barrett v. Porter*, 14 Mass., 143.   Where the covenantee sustains no actual damages from a breach of the covenant, but his grantee is evicted or compelled to pay off incumbrances, the grantee can recover from the original covenantor his actual damages, *Martin v. Baker*, 5 Blackf., 232; *Backus v. McCoy*, 3 Ohio, 211; *Devore v. Sunderland*, 17 Ohio, 52; *Stinson v. Sumner*, 9 Mass., 143; *Dickson v. Desire*, 23 Mo., 151; *Richard v. Bent*, 59 Ill., 38.

*Charles M. Swift* for defendant in error.   Where land is sold subject to a mortgage to another person, and the grantor inserts in the deed a covenant to pay off the mortgage with interest when it falls due, the covenantee, on breach thereof, can recover the full amount of the mortgage and interest, even though he shows no special damage to himself from the breach of the covenant, Rawle Cov. for Title [4th ed.], 94; Sedgwick Meas. Damages [6th ed.], 305; *Lethbridge v. Mytton*, 2 B. & Ad., 772; *Loosemore v. Radford*, 9 M. & W., 657; *Hodgson v.*

*Wood,* 2 H. & C., 649; *Carr v. Roberts,* 5 B. & Ad., 78; *Port v. Jackson,* 17 Johns., 238; *Mann v. Eckford's Ex'rs,* 15 Wend., 502; *Wicker v. Hoppock,* 6 Wall., 99; *Trinity Church v. Higgins,* 48 N. Y., 532; *Webb v. Pond,* 19 Wend., 423; *Furnas v. Durgin,* 119 Mass., 500; *Hall v. Nash,* 10 Mich., 303; *Wheelock v. Rice,* 1 Doug. (Mich.), 267; *Thompson v. Richards,* 14 Mich., 172; *Butler v. Ladue,* 12 Mich., 173; *Booth v. Starr,* 1 Conn., 249; *Churchill v. Hunt,* 3 Den., 321; *Gardner v. Niles,* 16 Me., 280; *Lathrop v. Atwood,* 21 Conn., 123; *Hogan's Ex'rs v. Calvert,* 21 Ala., 199.

GRAVES, J. On the 6th of June, 1873, Wilcox was owner of lot 18 [of Walker's subdivision of park lots 49, 50, 51 and 52] in Detroit, extending from Woodward avenue to Cass avenue, a distance of some five hundred feet, and on that day he borrowed $6500 for three years, and as security gave his personal bond and also a mortgage on the whole of this lot. May 2d, 1875, he sold defendant in error a small part of the lot, being fifty feet front on Cass avenue and about one hundred and eighty feet deep, and equal in value to about one-eighth of the value of the entire lot.

He gave a deed in which his wife joined, of the piece sold, and inserted the following covenants:

"And the said parties of the first part, for themselves, their heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivery of these presents they are well seized of the above granted premises in fee simple. That they are free from all incumbrances whatever except a mortgage of $6500 on this and the remainder of said lot 18, which they agree to pay and remove when due, and that they will, and their heirs, executors and administrators, for them shall warrant and defend the same against all lawful claims whatsoever."

The premises have been enjoyed by the defendant in error without any disturbance and he has never paid or been called on to pay anything in consequence of the mortgage. But as the mortgage was not paid when it

became due, the defendant in error instituted this suit
on the covenant relating to it in the deed.   There was
neither an averment of special damage nor any offer to
prove such damage.   It appeared that the plaintiff in .
error remained owner of the rest of the lot and that
although the consideration was described as being $2000,
it was actually less.

The court instructed the jury to find for defendant
in error the full amount called for by the mortgage
together with the interest thereon, and they accordingly
returned a verdict for $7095.

The main contention is upon this allowance of dam-
age: the plaintiff in error insisting that only nominal
damages were authorized, and the defendant in error
defending the allowance made.

The real question is one of interpretation to ascertain
the true intention of the parties, and a proper solution
requires that attention should be given to the whole
instrument and also to the surrounding circumstances.

The mere letter of the deed is not positively control-
ling.   Broom's Max., 611; Wharton, 167.   We may fairly
suppose the parties were seeking reasonable and just
ends, and that neither contemplated any harsh or oppres-
sive result or any result not agreeable to prudence or
natural equity.   The defendant in error was buying only
a small portion of the mortgaged premises, and there
was no ground for apprehending that the mortgage debt
or any part of it might ever be for him to pay.   In
case the debt should not be obtained on the bond and
recourse should be had to the mortgage the residue of
the land, worth many times the amount of the debt,
would be subject to be first sold.   The title of the pur-
chaser was guarded by covenant of warranty, and the
general covenant protected against other incumbrances.

The debt was owing by plaintiff in error to a stran-
ger and not to defendant in error or to any third per-
son in his interest or for his relief, and his sole interest
in its being paid was the fact of its being a subsisting

incumbrance, and payment to him of the amount would not diminish the liability of plaintiff in error a single dollar on the mortgage. It could only enrich the defendant in error without the least corresponding benefit to the plaintiff in error, and we have only to suppose the residue of the lot to have been sold in several parcels in the same way to perceive to what extravagance the sense put upon the transaction would lead. The debt owing by plaintiff in error to his mortgagee would be still unpaid after having paid to his grantees several times the amount of it and more than the whole consideration received and more than the entire actual value of the lot.

We think the parties did not intend to make failure of plaintiff in error to pay his mortgage debt to the owner of it on the day and hour of its becoming due, the final and conclusive ground of a forfeiture to defendant in error of an equal amount and more than three times the consideration or value of his purchase.

The design was protection and indemnity, not penal consequence or any liquidation of damage. By the specific covenant, which is the undertaking on which the defendant in error relies, the engagement is to pay a third person the mortgage debt, and not defendant in error, and the latter can only claim what in justice and equity *he* ought to have on account of failure to pay at the specific time, that debt to such third person, and according to the present record he was not entitled to more than nominal damages.

Counsel for defendant in error made a strong argument upon authorities to bring the covenant within a class of cases holding that when an agreement stipulates for the payment on a named day by one of the parties to it of a fixed sum to the other, or for his benefit, the *prima facie* measure of damages is the exact sum stipulated, with interest when interest is recoverable. As we construe the covenant differently, an examination of

39 MICH.—14.

the authorities cited by the counsel does not appear to be necessary.

The judgment should be reversed with costs and a new trial ordered.

The other Justices concurred.