# Wheeling,

## W. & J. GRACEY *v.* MYERS'S ADM'X *et al.*

Decided May 10, 1879.

(Absent, GREEN, PRESIDENT.)

1879
Special Term. In 1865 C., sold and conveyed to M., a tract of sixty-eight acres; in 1866 the same vendor conveyed to the same vendee a tract of one hundred and ten acres without retaining a lien for the purchase-money; on the day of the last conveyance M., the vendee, and wife conveyed the one hundred and ten acres and the sixty-eight acres to W., trustee, to secure seven bonds of $1,000.00 each, the purchase-money of the one hundred and ten acre tract, which trust was promptly recorded. A few days after executing this trust M. and wife conveyed the one hundred and ten acres to J. M., who paid the whole of the purchase-money. On the 21st day of May 1868, M. and wife conveyed the sixty-eight acres to W. and J. Gracey. C. assigned four of the said bonds, secured in the trust-deed, which bonds remain unpaid. HELD :

That the tract of sixty-eight acres, being last sold and conveyed with notice of the trust, is primarily liable to the satisfaction of the unpaid balance of the debt secured by the trust, and that the tract of one hundred and ten acres is liable for any part thereof only in the event that the tract of sixty-eight acres is insufficient to pay it.

2. As there was no lien retained in the deed for the tract of one hundred and ten acres, it can make no difference that the debt secured by the trust-deed was for the purchase-money of the said tract.

An appeal from two decrees of the circuit court of Jefferson county, rendered, one on the 15th day of November, 1876, and the other on the 24th day of April,

1877, in a cause in said court then pending, wherein William Gracey and John Gracey were plaintiffs, and Joseph Myers's administratrix and others were defendants, allowed on the petition of John Myers.

Hon. John Blair Hoge, judge of the seventh judicial circuit, rendered the decrees appealed form.

JOHNSON, JUDGE, furnishes the following statement of the case:

This cause has been once to this Court; and on the 8th day of October, 1872, the decree of the court below was affirmed. The decree which was appealed from, after settling certain matters not material to be enquired into in this suit, directed a reference to a commissioner, among other things to " take any further evidence that may be introduced by either party touching the liens and liabilities upon any of the lands conveyed by the defendant, Myers, to complainants, and report the amount of the undischarged liens and liabilities of said lands prior and superior to the deed and title made by defendant, Myers, to complainant," &c.

After the cause was remanded, the commissioner made his report. It appears from the record, that H. W. Castleman sold, and on the 13th day of October, 1856, with his wife conveyed to Joseph Myers a tract of about *sixty-eight* acres of land ; that on the 31st day of December, 1864, he sold to said Myers a tract of one hundred and ten acres of land ; and he, the said Castleman and wife, on the 1st day of March, 1866, conveyed the said tract of land, and on the same day took from said Myers and wife a deed of trust to N. S. White, trustee, on said one hundred and ten acres and on the *sixty-eight* acres theretofore conveyed, to secure $7,000.00 of purchase-money on said one hundred and ten acre tract. Before any of the said purchase-money had been paid, on the 10th day of March 1866, Joseph Myers and wife conveyed to John Myers said tract of one hundred and ten

acres, which deed was duly recorded on the 12th day of March, 1866. The other deeds were also duly recorded. Three of the said $1,000.00 bonds, there being seven of them, were by said Castleman assigned to the Graceys some time after the 31st of December, 1871, up to which time, according to Castleman's deposition, the interest had been paid to him. On the 21st day of May, 1868, Joseph Myers and wife conveyed the said *sixty-eight* acres of land to William and John Gracey. The commissioner reported, that both the said one hundred and ten acres and *sixty-eight* acres embraced in said trust-deed were liable for the balance of money secured by said deed of trust.

The Graceys excepted to this report on the ground that the tract of *sixty-eight* acres was only additional security for the purchase-money of the one hundred and ten acres, and that said one hundred and ten acres were primarily liable. The court sustained the exception, on the ground that "the one hundred and ten acres were primarily liable, and if sufficient to pay the residue due on the trust-deed, the *sixty-eight* acres would be absolved, and this should be shown by the report." This exception among others was sustained by the court in a decree, entered in the cause on the 10th day of November, 1873, and the cause was recommitted to the commissioner, among other things to ascertain and report " whether the lien on the one hundred and ten acres secured by the deed of trust for the benifit of H. W. Castleman for $7,000.00, is sufficient to pay the balance, if any, due on the said sum, charging the lands purchased by the Graceys, or any part thereof, only in the event of said one hundred and ten acres being insufficient to pay the balance." The commissioner reported that the said one hundred and ten acres was more than sufficient to pay the said balance. The report also shows that John Myers had paid to Joseph Myers, or his assignees, $105.81 more than the entire purchase-money of the one hundred and ten acres of land.

1879
Special Term.

W. & J. Gracey
v.
Myers's Adm'x
et al.

Plaintiffs excepted to this report, on the ground that it omits to report a number of liens without evidence of release, and also to a hearing on the report, because it had not remained ten days in the commissioner's office; and the defendants, without saying which of them, also excepted for several reasons not necessary here to specify, except the one that the deposition of H. W. Castleman was taken without due and proper notice to the defendants, and if such was not the case, the deposition is irrelevant and is not responsive to the requirements of the order of reference, or re-commitment." No decree notices this exception specifically.

On the 28th of April, 1875, John Myers filed his petition, setting up the foregoing facts with others, claiming that the sixty-eight acres were primarily liable for the debts secured in said deed of trust to N. S. White, trustee, and claiming further, that he had over-paid of purchase-money to his vendor, or the assignee of the vendor, who was the vendor of said Gracey by subsequent conveyance, for the relief of said Gracey, the sum of $105.81, and claiming the right to be substituted to the rights of H. W. Castleman or his assignee, against said sixty-eight acres to recover back the said money so paid with its interest. The prayer of the petition is, that the said Graceys be made parties defendant to said petition and required to answer the same; "that this tract of one hundred and ten acres may be declared not liable to pay any of the purchase-money bonds due from Joseph Myers to H. W. Castleman, till the said sixty-eight acres three roods and thirty perches have been sold and first applied to the payment thereof; and that, unless the said John and William Gracey shall pay your petitioner the said balance of $105,81 and interest as aforesaid, said sixty-eight acres three roods and 30 poles may be sold, and the money paid out of the proceeds thereof, as your petitioner claims that having paid this $105,81 to H. W. Castleman or his assignee, he relieved the said land of said Graceys of that amount of lien, and is entitled to

be substituted to the place of said Henry W. Castleman or assignee ; and that said decree of November 10, 1873, be. reheard &c.

On the 18th day of November, 1875, another decree was entered in the cause, which among other things decreed,, "that the report of James D. Fayman filed August 16, 1869, be confirmed so far as the same relates to, and exhibits, the releases of liens on the realty in the proceedings mentioned; and that the said report, and the report of commissioner, Geo. W. T. Kearsley, filed March 15, 1874, so far as they relate to and show the unsatisfied liens on the said realty, except the liens referred to in the petition of John Myers, be also confirmed. And a petition having been heretofore filed in this cause by the said John Myers, in relation to the said last named lien, it is further ordered that a summons do issue from the clerk's office of this court to the plaintiffs to answer the said petition ; and this cause is referred to G. W. T. Kearsley, to ascertain and report to the next term of this court, on the basis of this decree, the balance of the purchase-money due by said plaintiffs on their purchase from the said Joseph Myers."

Said summons duly issued on the 3d day of February, 1876, and service thereon was accepted on the same day by the plaintiffs.

The commissioner filed his report on the 14th day of March, 1876, in which he says: "I also find that the Graceys have purchased of Joseph Myers three bonds for $1,000,00 each from Henry Castleman, which were liens upon the land of Myers purchased by the Graceys. which I have passed to the credit of the Graceys."

On the 15th day of November, 1876, a decree was entered in the cause, as follows : "this cause coming on again to be heard on the 15th day of November, 1876, on the papers formerly read in the cause; on the petition heretofore filed of John Myers, and on the report of master-commissioner, G. W. T. Kearsley, returned on the 25th day of March, 1876, and was argued by counsel.

On consideration whereof the court doth adjudge, order and decree, that the said petition be refused; and it appearing by the said report of the commissioner returned as aforesaid, that the plaintiffs, William and John Gracey, are credited erroneously for payment to H. Castleman of three certain bonds of Joseph Myers, each for the sum of $1,000.00, which said bonds were given for part of the purchase-money for one hundred and ten acres of land bought by the said Joseph Myers of the said H. W. Castleman, and referred to in the petition of John Myers, and which said bonds were directed by a decree of this Court of the 10th day of November, 1873, to be paid out of the proceeds of the price of the tract of land, or any part thereof, sold by the said Joseph Myers to the said William and John Gracey, only in the event of the said one hundred and ten acres being insufficient to pay the balance due on the said bonds; and it appearing from the report of commissioner Kearsley that the said one hundred and ten acres are more than sufficient to pay off said bonds, it is further adjudged, ordered and decreed, that this cause be referred to commissioner George W. T. Kearsley for a forthwith report of the balance due on the 28th day of April, 1876, the date of the last decree in this cause, on the purchase of the tracts of land which was purchased by the said William and John Gracey from the said Joseph Myers, after omitting the amount paid by the said Graceys to the said H. W. Castleman on account of the three bonds aforesaid, and crediting the said Graceys with the sums of money directed to be paid by the decree in this cause of the 28th April, 1876, to the parties therein named as of the date of the said last named decree."

The decree of the 28th of April, 1876, directed the Graceys to pay certain liens on their lands and ordered certain releases to be executed.

The last decree rendered in the cause was entered on the 24th day of April, 1877. It is substantially as follows: This cause came on again to be heard this 24th

day of April, 1877, on the papers formerly read in the cause; on the petition of H. R .Riddle, assignee of Jos. Myers of a bond for $5,000.00, part of the purchase-money of the property in this cause mentioned, and on the report of commissioner G. W. T. Kearsley, returned and filed on the 24th day of March, 1877, to which said report there is no exception; and was argued by counsel. On consideration whereof, it is adjudged, ordered and decreed, that the said report in every paticular be confirmed ; and it appearing from said report that there is a balance due on the purchase-money of the real estate in the said cause mentioned, purchased by the said Wm. and John Gracey from the said Jos. Myers of $7,303.50, with interest on $7,303.50 from the 28th day of April, 1876 ; it is further adjudged, ordered and decreed, that the said Wm. and John Gracey do pay to the said H. R. Riddle, assignee as aforesaid, the said sum of $7,303.50 with interest thereon from the 28th day of April, 1876, and upon payment of the said sum, the said bond for $5,000.00, and all outstanding bonds of the said William and John Gracey for the purchase-money of the said real estate in the proceedings mentioned be delivered up to the said William and John Gracey. And it further appearing to the said court that there yet remains unreleased certain liens on the real estate in the proceedings mentioned, which have been satisfied, it is further adjudged, ordered and decreed, that before the payment of the said sum of $7,303.50 the said liens shall be released, and the said realty disencumbered therefrom."

It no where in the record appears by any order of the court, that the petition of H. R. Riddle was filed in the cause except in the decree aforesaid. The petition of H. R. Riddle is copied by the clerk and also what purports to be the $5,000.00, bond of the Graceys executed to Joseph Myers on the 21st day of May, 1868. No assignment appears on the bond as thus copied.

From the decrees of the 24th of April, 1877, and of

the 15th of November, 1876, the said John Myers appealed.

*McDonald & Beckwith*, for appellant, cited the following authorities :

Code of Va. p. 1166; Code of W. Va. p. 667; 1 Math. Dig. 392; 2 Leigh 425; 3 Leigh 532; 10 Leigh 394; 20 Gratt. 229; 19 Gratt. 388; Code W. Va. 614; 6 Gratt. 330; 21 Gratt. 446; 2 Rob. (old) Prac. 348; 26 Gratt. 355, 375, 377; 28 Gratt. 655; 25 Gratt. 38; 17 Gratt. 187, 227, 228.

*George M. Beltzhoover*, for appellees, John and William Gracey, cited the following authorities :

Code of W. Va. ch. 129 §7; *Id.* ch. 139, §9 and cases cited in the margin; Acts 1872-3, ch. 139, §6.

*W. H. Travis*, for appellee, H. R. Riddle, cited the following authorities :

Sands Ch. Pr. §351; 6 Johns. 591; 17 Gratt. 85; 10 W. Va. 298.

JOHNSON, JUDGE delivered the opinion of the Court:

The main question presented by the record, is, whether the sixty-eight acres, or the one hundred and ten acres, are primarily liable for the debt secured by the deed of trust executed by Joseph Myers and wife to N. S. White, trustee, which trust included both tracts. As the statement of the case shows, Myers had purchased in 1856 the tract of sixty-eight acres of H. W. Castleman; and at that time it was conveyed to him. In 1866 said Castleman conveyed to said Joseph Myers the one hundred and ten acres, and for the payment of the purchase-money, amounting to $7,000.00, Myers executed a deed of trust on both tracts of sixty-eight, and one hundred and ten acres, which trust was promptly recorded. In March, 1866, Joseph Myers and wife conveyed to John Myers the one hundred and ten acres; and on the 21st

1879
Special Term.

W. & J. Gracey
v.
Myers's Adm'x
et al.

Syllabus 1.

day of May, 1868, John Myers and wife, conveyed the said sixty-eight acres to John and William Gracey; and after 1871, H. W. Castleman assigned to the Graceys three of the $1,000.00 bonds secured to be paid in the said deed of trust to N. S. White, trustee.

In *Gill* v. *Lyon et al.*, 1 Johns. Ch. 447, it was held: "that a purchase of a *part* of lands mortgaged from the mortgagor, is not bound to contribute ratably with a purchaser of the equity of redemption under a judgment subsequently obtained, towards the discharge of the mortgage; unless the residue of the mortgaged premises prove insufficient to extinguish the debt." See also *Clover* v. *Dickinson et al.*, 5 Johns. Ch. 235; *Nailer* v. *Stanley*, 10 Serg. & R. 450.

In *Conrad* v. *Harrison et al.*, 3 Leigh 532 it was held, that where "S. mortgaged a parcel of three hundred and sixty acres of land to B. to secure a debt due to him; then S. mortgages all of the same land *except* seventy-five *acres* to H. to secure a debt due to him, these seventy-five acres being excepted and reserved out of this secured mortgage, because the mortgagor was then in treaty with a third person for the sale thereof to him, which treaty was afterwards broken off, and then S. mortgages the whole parcel of three hundred and sixty acres to C. to secure a debt due to him, that H., the second mortgagee, has a right against S. the mortgagor, B., the first mortgagee, and C., the third mortgagee, to insist that the debt due to B. shall be satisfied out of the parcel of seventy-five acres, reserved out of the second mortgage to H. so as to lease that part of the subject mortgaged to H. untouched, and applicable to the satisfaction of the debt due him; and that C., the third mortgagor, has no right to call on H., the second mortgagee, to contribute *pro rata* to the satisfaction of the debt due to B., the first mortgagee." See *McCluny* v. *Bierne*, 10 Leigh 394.

In *Henkle's ex'r. &c.* v. *Allstadt et al*, 4 Gratt. 284, it was held, that where a tract of land is subject to a mortgage, and the owner of the land sells a part thereof, and

conveys it with general warranty, and then sells the re- mainder of the tract, *"the part last sold* is primarily liable for the *satisfaction of the mortgage debt."* See also *Jones &c.* v. *Myrick's ex'rs,* 8 Gratt. 179.

In *Jones et al* v. *Phelan & Collander,* 20 Gratt. 229, the doctrine of *Conrad* v. *Harrison* was approved and applied to a *deed* of *trust* on personal property. In that case the statement in the syllabus is : "G. is tenant of a house and lot leased of S. ; and he gives a deed of trust on a part of the personal property in the house to secure a debt to P., which is released. He afterwards gives another deed of trust on all the property in the house to secure a debt to J. S. distraines for a year's rent upon the property embraced in the deed to secure P. By consent of all the parties all the property conveyed in the deeds is sold, and after paying the rent there is a balance left. Held, 1st. S. is entitled to be paid his year's rent out of the proceeds of the whole property if necessary; but the proceeds of the property not embraced in P.'s deed is to be applied first to pay S. 2d. After S. is satisfied, P. is entitled to have the balance of the proceeds of the property embraced in his deed applied to pay *pro tanto* his debt."

Applying the foregoing principles, which are settled law, to the case before us, a conclusion is easily reached. Suppose this was a case, in which Castleman, the vendor of Joseph Myers, was seeking to enforce his lien under the deed of trust to White, would he not be compelled first to exhaust the sixty-eight acres, if Myers had not conveyed it? Clearly he would. The Graceys bought the tract of sixty-eight acres, and it was conveyed to them, with full notice of the trust-deed long subsequent to the conveyance of the one hundred and ten acres by their vendor to John Myers. Then clearly under the authorities we have cited, and according to the clearest principles of equity, Castleman would have been compelled to exhaust first under his trust-deed the tract of sixty-eight acres, because they had been last aliened. Now

the Graceys who where the assignees of Castleman, as to $3,000.00 of said debt so secured in said trust-deed, with notice of said trust, can occupy no better position than their assignor; and if Castleman could not primarily resort to the one hundred and ten acres for the payment of the three $1,000.00 bonds secured in said trust, the assignees could not do so. The court therefore erred in holding that the said tract of one hundred and ten acres of land conveyed to John Myers by Joseph Myers was primarily liable to the payment of the said three $1,000.00 bonds. The tract of sixty eight acres is primarily liable for the payment of said debt as claimed in the petition of John Myers, as is clearly shown in the commissioner's reports and proceedings in the cause; and the said tract of one hundred and ten acres can only be held liable for any part thereof, in the event the tract of sixty-eight acres is insufficient to pay the balance of the debt secured in said trust to White.

It can under the circumstances of this case make no difference that the debt, secured on the one hundred and ten acres and the sixty-eight acres, was for the purchase-money of the one hundred and ten acres. It is not pretended that there was any lien retained for the purchase-money in the deed from Castleman to Joseph Myers for the said one hundred and ten acres; and the debt secured on both tracts in the deed of trust is like any other debt so secured.

Syllabus 2.

It is objected by counsel for appellee Riddle, that in the consideration of the above question the depositions of H. W. Castleman could not be considered, as it is claimed that they were rejected by the court. One exception to the commissioner's report, with which said depositions are returned, is "that the deposition of H. W. Castleman was taken without due and proper notice to the defendants, and if such was not the case, the deposition is irrelevant, and is not responsive to the requirements of the order of reference or re-commitment. There were five exceptions to said report by defendants

of which this was one. The order of re-commitment contains this direction to the commissioner: to report "all matters which he may deem pertinent, and that may be required by any of the parties to the said cause." There were two depositions of the said Castleman taken, one on the 5th of March, 1874, and the other on the 20th of March, 1874. Only two other depositions were taken before the commissioner under said order. The decree founded on this report, recites, that "this cause came on again to be heard this 18th day of November, 1875, on the papers formerly read, and on the report of commissioner, &c.. * * and the exceptions thereto by the plaintiffs and defendants, and on *the depositions of witnesses,* and was argued by counsel. On consideration whereof the court doth overrule the exceptions of the plaintiffs, and doth sustain the exceptions of the defendants to the report herein indicated, and proceeding to make such decree on the various questions presented in the record of the said cause as seems just and proper, doth adjudge" &c.

I think that the depositions of Castleman were relevant. There is no evidence that the court acted upon the exception to the deposition of Castleman ; but the inference from the decree reciting that the cause was heard "upon the depositions of witnesses" is that it was heard upon the depositions of *all* the witnesses. There was no exception to the depositions, but to *the deposition,* and which one was excepted to is not stated. We think that the court in sustaining the exceptions generally without stating the grounds, and then proceeding to hear the cause "upon the depositions of witnesses" and pronouncing a decree upon the merits of the case, virtually overruled the exception to the Castleman deposition, and as the notice did not show *which one* of the depositions was excepted to, the exception should have been overruled. I think however the question we have been considering is fairly presented by the record outside of the Castleman depositions.

The next question presented is: Was John Myers entitled to be substituted to the rights of Castleman, or his assignee, to the lien against the sixty-eight acres as to the $105.81 over paid purchase-money? The general rule is, that where one is compelled to pay money, which another ought to pay, he is entitled to be substituted to the rights of the creditor against the debtor, whose duty it was to have paid it. But that principle can have no application here, because it is shown in the case that John Myers paid a large sum of money directly to his father, instead of paying it to the discharge of the liens against the land he had purchased of him, and because he over paid the purchase-money due his father by mistake, it may be to the amount of $105.81, is no reason why he should be entitled to be subrogated to the rights of Castleman, it may be to the injury of other parties. The decree was right in requiring the estate of his father to reimburse him, but farther than that he had no right to ask relief against his own carelessness.

Whether the hearing of the cause upon the petition of H. R. Riddle was error, or not, is immaterial to the appellant, John Myers. In the view of the case we have taken the result to the appellant would have been the same, if the decree had required the $5,000.00 and interest to have been paid to the personal representative of Joseph Myers.

It is assigned as error by appellees, William and John Gracey, that the court overruled their exception to the report of commissioner Kearsley, which exception was, "that the report had not remained in the commissioner's office ten days after it was completed." Whether it was error for the court to overrule this exception or not, we will not decide in this case, because the question does not fairly arise. It appears from the record, that a deposition was taken before the commissioner on the 20th of March, 1874, and the report itself is dated, "Commissioner's office, Charlestown, March 21, 1874;" therefore it is evident that the recital in the decree of the 18th of

November, 1875, made more than eighteen months after the report was completed, that the case was heard on papers formerly read, &c., and " on the report of commissioner, George W. T. Kearsley, filed on *the 15th day of March*, 1874, is a misrecital and clerical error. Therefore it does not appear in the record when the report was in fact filed.

For the foregoing reasons, the decree of the 10th November, 1873, and the decree of the 15th of November, 1875, and the decree of the 24th day of April, 1877, in so far, and so far only, as said decrees or either of them settle and declare, that the one hundred and ten acres of land conveyed by Joseph Meyers and wife to the appellant, John Myers, is primarily liable for any balance of the debt yet unpaid secured by the deed of trust to N. S. White, trustee, executed by Joseph Myers and wife to secure a debt of $7,000.00 to H. W. Castleman, and settles and declares, that the said sixty-eight acres is not primarily liable to the payment of any such unpaid balance, and was not liable therefor, unless the said one hundred and ten acres should prove insufficient to pay it, are reversed, set aside and annulled, and the appellees other than the personal representatives of Joseph Gracey deceased must pay to the appellant, John Myers, his costs about his appeal in this Court expended; and this cause is remanded to the circuit court of Jefferson county, with instructions to further proceed therein according to the principles settled in this opinion, and further according to the rules governing courts of equity.

JUDGES HAYMOND AND MOORE CONCURRED.

DECREE REVERSED. CAUSE REMANDED.