# CHARLESTON.

McCLEARY *et al. v.* GRANTHAM.

Submitted Sept. 4, 1886.—Decided Nov. 25, 1886.

1. PRESUMPTION OF PAYMENT.

A suit is brought to sell a debtor's lands, which is referred to a commissioner to report the nature, amounts and priorities of the liens thereon, and among others a certain debt is so reported in favor of a certain creditor : the cause is afterwards *three times* re-committed to the commissioner for the same purpose, and said debt is as often reported without exception thereto. In the mean time said debt has in said cause been adjudged liable to the lien of execution against said creditor exceeding the amount thereof without objection made thereto by said debtor for *six years* after said first report, HELD :

These circumstances sufficiently rebut the presumption of payment, arising from the possession by the obligor of the bond evidencing the debt, with the obligees' endorsement thereon—"Paid in full"—without date. (p. 309.)

2. JUDICIAL SALE—JUDGMENT LIEN.

If in such a suit it clearly appears, that one of the tracts of land charged with the liens of the several judgments against such debtor also charged with a specific lien exceeding in amount the value thereof, having priority over all other liens thereon,— the court may properly decree the sale of other lands of the debtor without decreeing a sale of the tract charged with such specific lien. (p. 310.)

3. JUDICIAL SALE—JUDGMENT LIEN—COMMISSIONER'S REPORT.

If in such a suit there has been a commissioner's report, showing the lands owned by the debtor, the nature, amounts and priorities of the liens thereon, which has been confirmed, there is entered a decree, "that unless the debts therein audited are paid within sixty days from the rising of the court by the debtor (naming him) then the lands of said debtor, in said report named, all be severally sold to pay the liens on the same in the order of their priority, as set out in said report," without any further statement or declaration therein, specifying the sums to be paid to the several creditors, the parcels of land on which they are chargeable, and the order of priority in which the proceeds of the sales of the several parcels of land shall be applied, such decree is erroneous, and for that cause will be reversed, unless the same from

the commissioner's report and the face of the decree can be safely amended; in which case, it will be so amended in the appellate court, and when so amended, will be affirmed. (p. 311.)

*F. Beckwith* and *G. Baylor* for appellant.

*White & Trapnell* for appellee.

WOODS, JUDGE :

This is an appeal from a decree of the Circuit Court of Jefferson county rendered on the 3d day of August, 1885.

These causes have been twice before this Court for the correction of various errors alleged to have been committed. In the first instance the decree complained of was affirmed, in the last, the decree was reversed and the causes remanded for further proceedings, which resulted in the decree of the 3d of August, 1885.

The controversy arises out of the proceedings in the first of these causes, which was a judgment-creditors' bill filed by A. W. McCleary against Wm. J. Grantham, the judgment debtor, and other lien creditors, and Daniel B. Lucas who had been appointed in lieu of John J. Grantham, trustee in a deed of trust, made and recorded on the 2d of May, 1870, by Wm. J. Grantham, conveying certain lands to secure the payment of the debts therein named.

Among the debts secured by this deed of trust, was one of $550.00 due from Wm. J. Grantham to John G. Shirley for which Grantham executed to Shirley his bond dated the 2d of May, 1870, payable six months thereafter.

Whether this debt of $550.00 is or is not a valid and subsisting debt chargeable upon the land conveyed by said deed of trust to secure its payment, is the principal question presented by this appeal.

To determine this question it is necessary to review the proceedings upon said creditors' bill. The bill was filed on September 6, 1871; on November 5, 1873, the cause was referred to Commissioner Moore to ascertain and report the amounts and priorities of the liens on the real estate of Wm. J. Grantham and to state all matters deemed pertinent by himself, or which any of the parties may require to have reported.

The commissioner on the 23d of March, 1874, returned his report of the lien debts, including interest to the 1st of April, 1874, and showing that on that day their aggregate amount was $12,636.92.

Among the debts so reported in the 2d class was said debt of John G. Shirley of $550.00, which with its interest then amounted to $662.75. To this report W. J. Grantham excepted, because the priorities of the liens reported had not been correctly classified, and because, the same had been retained by the commissioner only *two days* after its completion, before it was returned into court.

On the 23d of April, 1874, the court sustained the exception and re-committed the report to the same commissioner, "to audit any other liens that may be exhibited against the defendant, W. J. Grantham, and also to present a statement, exhibiting the priorities of the several lien-debts."

On October 6, 1874, the commissioner returned his second report showing the several amounts and priorities, the lien-debts and ascertained their aggregate amount including interest to the 1st of October, 1874, to be $12,957.74. Among the debts so reported, was said $550.00 debt to John G. Shirley, amounting to $679.25.

To this report W. J. Grantham filed six exceptions, claiming credits on, or abatements from certain debts reported— other than said Shirley debt—to which no exception for any cause was made.

On April 23, 1875, the defendant, W. J. Grantham, answered the bill, to which answer the plaintiff replied generally.

This answer does not pretend to call in question the existence of the Shirley debt, nor the validity of the trust lien to secure the same, but on the contrary tacitly admits the same by alleging, that " the debts of John G. Shirley and Josiah Watson were audited by said report as in the *third* class, and the debt of the National Bank of Martinsburg was audited in the 4th class, and the debt of Ephraim Watson as in the fifth class, while the said deed of trust filed with the bill showed on its face that all of said debts were equally secured by said deed of trust, and therefore *all of them* ought to have been audited in the *third* class. "

On the 28th of April, 1875, the cause was again heard "upon the papers formerly read in the cause, and the report of Commissioner Moore with the exception thereto and the said answer of Grantham and general replication," "whereupon the court re-committed the cause to Commissioner Moore, with instructions, first to audit all liens upon the real estate of Wm. J. Grantham; secondly, to ascertain the real estate owned by said Grantham, or liable to such liens, and heretofore conveyed by him; the value of said real estate, and the special liability of each parcel of land for such debts; *thirdly*, to have personal notice served upon said Granthan *requiring* him to appear before said commissioner and to produce before him all evidence of payment upon the debts audited against him, and to answer all proper interrogatories touching the real estate sought to be subjected to the payment of his debts."

The commissioner commenced the execution of this last order of reference on the 30th of July, 1875, and regularly adjourned the same from time to time until he completed the same on the 11th of October, 1875.

By this report also, the aggregate amount of principal and interest of the reported debts on the 1st of October, 1875, was $12,547.24, among which was again reported the Shirley debt of $550.00—then amounting to $712.45.

To this report also Grantham filed six exceptions, claiming certain credits, upon reported debts, other than the debt to Shirley as to which no exception was taken. Before this report was completed the deposition of Grantham was taken, in which he was asked by his counsel to "look at the list of audited debts in commissioner's report of October, 1874, and state if any credits are to be applied to any of them?"

In answer to this question, after mentioning certain sums of money, claimed by him as credits to certain specified debts therein reported, other than the Shirley debt, he only said:—"There are some credits on John G. Shirley's claim."

By its decree of the 16th of November, 1875, the cause was again re-committed to the same commissioner, with instructions to reform his said report in certain particulars, and to "receive proof of all credits shown to exist on any of the claims audited against Wm. J. Grantham."

This decree in regard to other matters having been appealed from was affirmed, 15 W. Va. 425, and when the cause was remanded, the Circuit Court by its decree of November 17, 1879, "decreed, that Commissioner Moore, to whom this cause was re-committed by the decree of November 16, 1875, do proceed to execute said decree according to the terms thereof, and do also ascertain the amount due the petitioners, John M. Nicely and Martin Swimby on account of the judgments and executions in their favor respectively, against John G. Shirley; and to that extent and in proportion to the amount so found due said petitioners, severally, it is ordered that the debt audited in these causes in favor of John G. Shirley, (Commissioner Moore's report class 3) be endorsed for the use of said petitioners, by virtue of the liens of the execution aforesaid."

The commissioner made his report as required by the last order of reference showing the aggregate of the liens reported including interest to the 1st of March, 1880, to be $14,277.92, which included said Shirley debt of $550.00, then amounting to $856.16, of which last named sum, he reported that there was due to said John M. Nicely $395.28 and to said Martin Swimby $460.88.

To this report W. J. Grantham filed five exceptions but none of them had any reference to the Shirley debt.

On the 10th of April, 1880, W. J. Grantham filed his petition, which he failed to verify, attempting to account for his failure to appear and prove the credits claimed before the commissioner, and then for the first time, averred that the said Shirley debt had been paid in full, and should not have been reported by the commissioner in his last report, and with his petition filed the bond of $550.00 which he alleged had been surrendered to him by Shirley, when he paid the debt, and prayed that said report might be again re-committed to the comr. to reform and correct his report in the particulars indicated in his petition.

The cause was again heard on the 10th of April, 1880, when the court overruled his exceptions, denied the prayer of his petition, confirmed the report of the commissioner, decreed the payment of the debts reported and a sale of said Grantham's real estate to pay the same.

Upon an appeal to this Court, this decree was reversed, and the cause remanded, upon the grounds that his petition should have been regarded as a motion to re-commit the report, and that it was the duty of the Circuit Court to enquire whether he was entitled to the credit of said $550.00 and its interest, which he certainly was if he fairly obtained the bond which was the evidence of the debt. (24 W. Va. 231).

On the 17th of February, 1885, " the cause was again heard upon the papers formerly read, and upon the mandate of this Court, and was again re-committed to the same commissioner, with instructions to ascertain and report, 1st, the real estate of which the defendant, Wm. J. Grantham, is seized, where situated, his interest therein, and the annual rental value thereof; 2d, the amount still remaining unpaid of the debts embraced in the former report filed in this cause, and their priorities as liens upon said real estate, distinguishing between such if any, as are specific liens upon a part only of said realty, and such as are general liens upon the whole thereof by judgment or otherwise ; 3d, any other debts properly chargeable on said real estate, if any, with their priorities. "

On the 25th of May, 1885, the commissioner made and returned his report as directed, whereby he ascertained the aggregate of debts unpaid including interest to May 1st, 1885, to be $13,777.15.

Among these debts the commissioner again reported the John G. Shirly debt of $550.00, which then amounted to $1,026.66, of which he again reported, that Martin Swimby was entitled to $395.28, and Jno. M. Nicely to $460.88, " the principal of which bears interest from March 1st, 1880, until paid. "

The commissioner further reported that " John G. Shirley appeared before him and stated that the claim reported on his said claim was paid, but did not fix the time of payment. "

Before this report was returned Wm. J. Grantham excepted to it on the ground, that the evidence shows that it had been paid, and required the commissioner to report the evidence bearing on the exception. The commissioner

thereupon returned, " that no evidence was taken except the statement of John G. Shirley made before him; that at the request of petitioners John G. Shirley was re-called, to be examined as to the date of the payment of said note, but he could not give the date of payment. "

On the 3d of August, 1885, the cause was again heard and the court, among other things, " adjudged, ordered and decreed that the report of the commissioner be confirmed; and that unless the debts therein audited are paid within sixty days from the rising of the court by Wm. J. Grantham, or some one for him, then the lands of said Grantham in said report named should be severally sold to pay the liens on the same, in the order of their priority as set out in said report " by certain special commissioners appointed for the purpose, upon the terms specified in said decree, who were required to report their proceedings, &c. From this decree the defendant, W. J. Grantham, and S. A. Bates, administrator of Walter Shirly, deceased, have obtained this appeal. It is insisted by the appellants, that the court erred in confirming the report of Commissioner Moore, filed on the 25th of May, 1885.

We have seen that during the progress of these causes they have been five times referred to the same commissioner for the same purpose—to simply ascertain and report the real estate of the defendant, Wm. J. Grantham, the annual rental value thereof, the general and specific liens thereon, their several amounts and priorities, and that all the lands owned by him consist only of three parcels, containing respectively 80, 56, 141¼ acres, besides a small lot containing a fraction of an acre.

Five successive reports were made by the same commissioner in obedience to five several orders of reference, in all of which the same debts were reported, almost without change save only an increase of the interest account. In all of them the same debt due from Wm. J. Grantham to John G. Shirley of $550.00, with interest from November 2, 1870, was reported, and the existence of the debt was never called in question by any exception made by him or Shirley to any of the first four of said reports.

The defendant, Grantham, neither by his answer, nor his

deposition taken before the third report was made, pretended that the same had been paid or otherwise discharged. And although this debt was reported as a valid lien on his lands in said commissioner's fourth report, made in March, 1880, and the same was excepted to by him on five distinct grounds —none of them questioned the existence of this debt.

It appears from this record, that at some time before the 17th of Nov., 1879, John M. Nicely and Martin Swimby, who were execution-creditors of said John G. Shirley, had filed their petition in these causes asserting the liens of their several executions against the debt of $550 due to him from said Grantham, and that the amounts of these executions exceeded the amount of this debt and the accruing interest thereon; when this petition was filed, or when the execution liens attached does not appear—but the records shows that by its decree of the 17th of November, 1879—the Circuit Court decided that said Nicely & Swimby were entitled to have, whatever amount might be found due from Grantham to John G. Shirley on his said debt of $550.00, applied ratably to the satisfaction of their execution, leaving to be thereafter determined, what that amount might be, and directed the commissioner to ascertain this amount, and apportion the same ratably upon said executions. This was done by his report of March, 1880—and the whole amount of the Shirley debt including interest to the 1st of March, 1880, was ascertained to be $856.16, of which sum $395.28 was applicable to the execution of Swimby, and $460.88 was applicable to the executor of Nicely—"the principal of which bears interest from the 1st of March, 1880." It is perfectly apparent that the commissioner intended that in addition to the amounts then apportioned, said Swimby and Nicely should have their proportion of the interest subsequently accruing on said debt of $550.00, and while the commissioner failed to ascertain the portion of said $550.00 on which the said Swimby and Nicely should be respectively entitled to the accruing interest, the same can be ascertained by a simple calculation, which we have made showing that said Swimby will be entitled to interest on $253.91, and Nicely to interest on $296.07 from the 1st day of March, 1880, until paid, which with the amounts apportioned to them by said

commissioner will exhaust the whole of said Shirley debt of $550.00, and the interest accrued and accruing thereon.

The same apportionment is substantially carried into the commissioner's last report, and there was no error in doing so, nor in confirming said report in this particular.

It is true the defendant Grantham in his petition filed after the commissioner's fourth report was returned, and excepted to by him for other causes, alleges that this Shirly debt had been paid in full, and produced as evidence of that fact the bond given therefor, and Shirly's endorsement thereon, that the same was "paid in full." But it also appears, that although the cause was upon said petition re-committed to the commissioner, that the defendant Grantham might have the opportunity to prove that he came fairly by the possession of said bond, and that the same had in fact been paid, and the date, when it was paid, yet the defendant is content to rest upon the bare presumption of payment arising from having the possession of the bond, without even furnishing his own testimony of that fact or the testimony of the said Shirly, both of whom must have had personal knowledge of that fact, and having the evidence to establish this fact, if true, and failing to produce it, the presumption is against him, and this presumption is rendered almost conclusive by his failure to except or object to the several preceding reports of the commissioner, in all of which the Shirly debt was reported.

The time when this payment was made, if it ever was made, was equally important, and the burden of proof in regard to both these facts rested on the defendant, for if the same was paid after the decree of the 17th of November, 1879, it would not have discharged the debt, because this Court had decreed that the amount thereof, whatever that might be, should be applied ratably to the discharge of the executions of Swimby and Nicely. We are therefore of opinion, that the presumption of payment in favor of the defendant Grantham, arising from having in his possession the bond of $550.00 to John G. Shirly is successfully rebutted by the circumstances appearing in this record, and that there was no error in the report of the commissioner, Moore, in reporting the same as a valid and subsisting lien on the defendant

Grantham, nor in the decree of the report confirming the same.

As the right of Swimby and Nicely to have the Shirly debt applied in discharge of their executions, had been determined by the decree of the 17th of November, 1879; and as the amounts as ascertained and apportioned thereto by the report of the commissioner had never in any manner been excepted to, it was wholly immaterial whether the abstracts of said executions were ever filed, and therefore the court did not err in permitting the same to be filed in open court: for not having been excepted to, the defendant must be held to have acquiesced in the correctness of the amounts reported by the commissioner, as well as the sufficiency of the evidence on which they were based. ( *Ward* v. *Ward*, 21 W. Va. 262; *McCarty* v. *Chalfant*, 14 W. Va. 531.)

Neither did the court err in decreeing a sale of the defendant's lands, because it appeared from the commissioner's report that the Burkhart debt was still in controversy in the Court of Appeals.

What is the character of this controversy does not appear nor is there anything in the pleadings or proofs from which it appears, that there existed any good reason or any reason at all, why Burkhart & Son who had obtained their judgment in 1870 against Wigginton, W. J. Grantham and Josiah Watson, were not entitled to satisfaction thereof out of the real estate of said Grantham.    If any special circumstances existed which rendered it inequitable to do so, it was his duty to show what they were, and not having done so, the fair presumption is that none existed.

Upon a fair construction of the whole decree, we are of opinion, that the Circuit Court did not in fact decree the payment of the debt of $4,508.99 to said John F. Smith, although it is very clear, that the court might, and ought to have done so, although the "Kine tract," was not decreed to be sold to satisfy the same.

From the proofs appearing in this record it is very clear, that the interest of the defendant Grantham in the " Kine tract," will be insufficient to satisfy the Smith debt which is a specific lien thereon, and that neither the defendant, nor any of his creditors except Smith will be injuriously affected

by postponing a sale thereof until the same can be partitioned, and therefore the Circuit Court did not err to the prejudice of the appellant or his other creditors by directing the other lands of the defendant to be sold. This disposes of all the errors complained of.

But while the body of the decree is substantially correct in all its conclusions, the form of it is subject to just criticism. It is so uncertain and indefinite in its terms as to the amount to which each creditor is entitled, the manner in which the proceeds arising from the sale of each parcel of land, and the order in which the creditors are entitled to share in these proceeds, as to render its execution impossible or exceedingly hazardous. Referring as it does to the "debts audited in the commissioner's report," and to the "lands in said report named," they are directed to be "severally sold to pay the liens on the same in the order of priority as set out in said report," it is adjudged, &c., that unless Wm. J. Grantham "do pay to the several parties entitled the several liens audited in said report," &c., it leaves the several creditors to claim, at their peril, what they may severally understand was decreed to them respectively, when the decree itself should clearly ascertain and declare the amounts due to each, and in what manner and out of what fund they are entitled to be paid. In case of loss or destruction of the commissioner's report nothing would remain in the record by which it could be ascertained what amount was decreed to any of the parties.

In the case of the *Bank* v. *Wilson*, 25 W. Va, 242, which in this respect was similar to the one under consideration, this Court held, that, in a suit brought by a judgment creditor to sell the lands of the judgment debtor, "a decree, that the judgment debtor (naming him) do pay to the plaintiff and other judgment and trust-creditors of the debtor the several sums ascertained to be due to them respectively by the report of the commissioner, contained on pages 33 and 34 of his report," was erroneous.

In the case under consideration the want of certainty and definiteness in the decree, have not in any respet prejudiced or imperiled the rights of the appellants, and the decree, from the face thereof and the commissioner's report therein

referred to, can be safely, and the same should be amended so as to avoid this uncertainty, and when so amended affirmed.

We are therefore of opinion, that the decree of the 3d of August, 1885, must be, and the same is, accordingly amended by striking out all that part of it between the word "*confirmed*" in the sentence "be in all respects confirmed" and the word "*then*," occurring immediately after the words "audited in said report," and inserting in lieu thereof the following:

And it appearing to the court from the said report, that there is due from said Wm. J. Grantham to the parties hereinafter named the following debts chargeable upon his real estate in the following order of priority, that is to say:—to John F. Smith $4,508.99, which being the first lien in order of priority on the *ten thirteenths* of the tract of land containing about eighty acres, and known as the " Kine tract, " is entitled to be first paid out of the proceeds of the sale thereof; to Burkhart & Son $1,944.31, being the amount of their judgment against J. D. Wigginton, Wm. J. Grantham and Josiah Watson; to National Bank of Martinsburg, use of S. A. Bates, administrator of Walter Shirly, deceased, $527.28, being the balance of its judgment against W. J. Granthan, Walter Shirley, J. G. Shirley and I. W. Shirley; to H. H. Blackburn $39.04, being the balance of his judgment against W. J. Rogers and W. J. Grantham; to D. T. Marky & Co. $306.25, being the amount of their said judgment against W. J. Granthan, which last named four judgments are liens first in order of priority on all the real estate of the said Wm. J. Grantham other than said " Kines tract " of 80 acres, and are entitled to be first paid out of the proceeds of the sale thereof; and *second* in priority on said " Kines tract, " and the proceeds of the sale thereof when made, remaining after the satisfaction of the debt due said John F. Smith, shall be applied *pro tanto* to the discharge of said judgments, which being all of equal priority, are entitled to be paid ratably; to Martin Swimby $395.28, with interest on $253.91 from the 1st of March, 1880, and to John M. Nicely $460.88, with interest on $296.07 from the 1st of March, 1880, being the amount of the debt of $550.00

and its interest, due from Wm. J. Grantham to John G. Shirly, to which said Swimby and Nicely respectively became entitled by a decree rendered herein on the 17th of November, 1879; to National Bank of Martinsburg $4,712 50, being the amount of its judgment against W. J. Grantham, J. G. Shirley and Josiah Watson, which last named three debts are liens on all the real estate of said W. J. Grantham next in order of priority after said judgments of Burkhart & Son, National Bank of Martinsburg, use, &c., H. H. Blackburn and D. T. Marky & Co., and being of equal priority as between themselves, they are entitled to be paid ratably; to David Dillon $259.58, being the amount of his judgment against W. J. Grantham, and to A. W. McCleary, $452.52, being the amount of his judgment against John Chamberlain and W. J. Grantham, which last two judgments are also liens on all of said real estate, and are entitled to be last paid out of the proceeds of the sale thereof, but being of equal priority as between themselves, they are entitled to be paid ratably.

On consideration whereof it is adjudged, ordered and decreed that the defendant, Wm. J. Grantham, do pay to John F. Smith $4,508.99; to Burkhart & Son $1,944.31; to S. A. Bates, administrator of Walter Shirly, deceased, $427.28; to H. H. Blackburn $39.04; to D. T. Marky & Co. $306.25; to National Bank of Martinsburg $4,712.50; to David Dillon $259.58; and to A. W. McCleary $452.52, with interest on said several amounts from the 1st day of May, 1885, until paid; and to Martin Swimby $390.28, with interest on $252.91 from the 1st of March, 1880, and to John M. Nicely $460.88, with interest on $296.07 from the 1st of March, 1880, until paid.

And inasmuch as this court by its decree of the 16th of November, 1875, decided that said "Kines tract" should be partitioned, and the *ten thirteenths* thereof belonging to said W. J. Grantham should be assigned to him in severalty, before the same should be sold, which has not yet been done, the court at this time declines to make any decree directing the sale thereof.

And it is further adjudged, ordered and decreed that in case the defendant, Wm. J. Grantham, shall fail to pay to

the creditors other than said John F. Smith, the several amounts hereinbefore decreed to them respectively, within sixty days from the adjournment of this court;" and being so amended we are further of opinion that the said decree must be affirmed with costs to the appellee, A. W. McCleary, and $30 damages.

AMENDED AND AFFIRMED.