## CHARLESTON.

CLARK *et al. v.* HARPERS FERRY TIMBER COMPANY *el als.*

Submitted February 28, 1911. Decided February 6, 1912.

1. VENDOR AND PURCHASER—*Remedies of Vendor—Enforcement of
      Lien—Parties.*
      The purchaser of a defined part of the timber on a tract of

land subject to a vendor's lien is a necessary party to a suit to enforce the lien, and, in formulating the decree of sale, the court should observe the equitable rule, requiring sale of land so situated in parcels or portions, corresponding with the interests of the parties, in the inverse order of the alienations, commencing with the original vendee, if he retains any of the property. (p. 314).

2. SAME—*Remedies of Vendor—Enforcement of Lien—Terms of Sale.*

In prescribing terms of sale of a large body of land to satisfy a vendor's lien of nearly $233,000.00, the trial court does not abuse its discretion by requiring only $30,000.00 of the purchase money to be paid in cash and the balance in three equal installments in one, two and three years, respectively, from the date of sale. (p. 316).

3. SAME—*Remedies of Vendor—Enforcement of Lien—Parties.*

In a suit to enforce a vendor's lien, a purchaser of the land on which the lien is at a tax sale is not a necessary party. (POFFENBARGER, JUDGE, dissenting.). (p. 316).

Appeal from Circuit Court, Pocahontas County.

Bill in equity by Harry E. Clark and other against the Harpers Ferry Timber Company and others. From a decree for plaintiffs, defendants appeal.

*Reversed and Remanded.*

*Mollohan, McClintic & Mathews, L. M. McClintic,* and *Price, Osenton & Horan* for appellants Bond; *Samuel T. Spears,* for appellant Harpers Ferry Timber Co.

*Talbott & Hoover,* for appellees Clark and others. *Mollohan, McClintic & Mathews,* for appellees Wm. G. Bond and others.

POFFENBARGER, JUDGE:

The relation of the appellants, W. C. Bond and N. U. Bond, to the land and debt involved in this suit will appear from the facts stated in *Bond* v. *Taylor,* 68 W. Va. 317. The Pocahontas Tanning Company assigned the unpaid purchase money notes, mentioned in the statement of that case, to Harry E. Clark and John W. McCullough, partners, under the firm name of Clark & McCullough, and they brought this suit, while that

of *Bond* v. *Taylor* was pending, to enforce the vendors lien reserved to secure the payment of the notes, making their assignor, the Pocahontas Tanning Company, the Harpers Ferry Timber Company, W. C. Bond, N. U. Bond, W. S. Taylor and the Durbin Lumber Company, a corporation, defendants. The Bonds appeared and answered the bill, claiming to be owners in common with Taylor of certain portions of the timber on the lands, as purchasers thereof from the Harpers Ferry Timber Company, and insisting that, in case a sale should be decreed to satisfy the lien of the plaintiffs, the land and timber, not included in their purchase, should be first sold and, if the proceeds thereof should be insufficient to pay the debt, then only so much of the timber they had purchased, as should be necessary to cover any deficiency should be sold. The bill was taken for confessed as to the Pocahontas Tanning Company, W. S. Taylor, The Harpers Ferry Timber Company and the Durbin Lumber Company, and the court pronounced a decree ascertaining that there was due the plaintiffs $232,770.66, including interest, and ordering the land, including the timber, sold, by special commissioners appointed for the purpose, in default of payment thereof within thirty days, on terms which are complained of, $30,000.00 in cash and the balance in three equal installments payable in one, two and three years. As this decree disregards the alleged equitable right of the Bonds to have the land only first sold, they have appealed. Though the Harpers Ferry Timber Company made no appearance, it has also appealed.

A motion made here to dismiss the appeal of the Harpers Ferry Timber Company will be sustained. As to it, the decree is one upon the bill taken for confessed. Hence, if it is erroneous in any way, an application should have been first made to the circuit court to correct the error. That is a condition precedent to the right to appeal from such a decree.

The equitable claim of the Bonds, already stated, should have been sustained and provided for in the decree. They bought certain portions of the timber from the Harpers Ferry Timber Company, the vendee of the Pocahontas Tanning Company. At the time of their purchase, both land and timber were subject to the vendor's lien for the enforcement of which this suit was

instituted, but their contract of purchase did not provide for
the payment of that debt in addition to the other consideration
they agreed to pay. On that point, the contract is clear and
unequivocal. They agreed to take from the land and pay for
enough timber each month to enable the Harpers Ferry Tim-
ber Company to meet its obligations to the Pocahontas Tan-
ning Company, on the purchase money notes here involved, and
also to provide and pay such sum each month, in the event of
their failure to take off enough timber to equal it at the price
agreed upon, $2.50 per thousand feet. The agreement recites
that $4,000.00 had been paid, not to the Pocahontas Tanning
Company, but to the Harpers Ferry Timber Company, and also
that future payments should be made to the Harpers Ferry Tim-
ber Company. Hence, the Bonds and Taylor, the latter repre-
senting the firm in said contract, as it appears from the decision
in *Bond* v. *Taylor,* already referred to, became purchasers of
the timber and did not assume the payment of the debt due from
the Harpers Ferry Timber Company to the Pocahontas Tan-
ning Company. They are in the same situation, therefore, as
purchasers of a portion of mortgaged premises from the mort-
gagor, without assumption of the mortgage debt. In such case,
the foreclosure decree should order a sale of the property in
the inverse order of the alienations of the mortgagor, first sub-
jecting to sale such portions of the property as he still owns.
*Gracey* v. *Myers,* 15 W. Va. 194; *Jones* v. *Myrick's Exrs.,* 8
Grat. 179; *Henkle's Exr.* v. *Allstadt,* 4 Grat. 284; *Wilcox* v.
*Musche,* 39 Mich. 101, 104; *Huxley* v. *Rice,* 40 Mich. 73-77;
Jones Mortg., sec. 1576; 9 Enc. Pl. & Pr. 411. This rule is
equally applicable in the enforcement of vendor's liens. *Litch-
field* v. *Preston,* 98 Va. 530; *Whitten* v. *Saunders,* 75 Va. 563;
*Boyce* v. *Stanton,* 15 Lea (Tenn.) 346; *Alabama* v. *Stanton,*
5 Lea (Tenn.) 422; 29 Cyc. 792. The decree would be erro-
neous for another reason. As there are separate interests in the
land, considered as a whole, soil and timber, the sale should have
been ordered by parcels so as to keep the proceeds of the several
interests separate and render it possible to determine and con-
serve the rights of the parties, respecting them. *McCleary* v.
*Grantham,* 29 W. Va. 301; *Bank* v. *Wilson,* 25 W. Va. 242.
This conclusion is not inconsistent with the principle of *Hart* v.

*Larkin,* 66 W. Va. 227. It does not allow a creditor's debt to be postponed by subsequent acts of the debtor. Both land and timber are liable for the debt and the creditor is entitled to a decree of sale now, but the method of sale must respect equitable rights of all persons interested in the property.

If any equitable right in the plaintiffs to sell the timber along with the land, treating both as one, or in the Harpers Ferry Company to have the timber sold first, could have been founded upon the expectation of the latter to pay the original purchase money out of the proceeds of the timber, such right was destroyed by the conduct of the Harpers Ferry company in preventing the cutting of the timber by its collusions with Taylor in the effort to preclude the Bonds from any share in the timber. The decree in the cause of *Bond* v. *Taylor,* reciting the facts in that cause, was exhibited in this with the Bond answer, from which the failure of Taylor and the Bonds to comply with their contract with the Harpers Ferry Company, which would have enabled the latter to pay the Pocahontas Tanning Company, clearly appeared to have been caused in part by the Harpers Ferry Company.

In disposing of these questions, we have said enough to demonstrate the right of the Bonds to be heard in this cause. Though their purchase was subsequent to the vendor's lien, they were nevertheless interested in the subject matter of the suit.

A cross-assignment of error is based upon the terms of sale, prescribed by the decree, which requires only $30,000.00 of the purchase money, less than the interest on the debt, to be paid in cash, and the balance, over $200,000.00, in three equal installments, payable respectively, in one, two and three years from the date of the sale. These terms are somewhat liberal to the purchaser, but the cash required to be paid is a considerable sum and the deferred installments are not unreasonably postponed. The creditors will receive all their money with interest in a reasonable time, if the property sells for enough to cover the debt. Unable to see any abuse of the court's acknowledged discretion in the prescription of these terms, we overrule this assignment.

Shortly before the institution of the suit, B. M. Hoover purchased all the land as delinquent for non-payment of taxes.

Showing this fact, the answer of the Bonds claimed he was a necessary party to the suit. In the final decree, his appearance is recited but he filed no answer and the bill was not amended by the addition of any allegation as to him. Upon this state of facts, the Bonds assign error in proceeding to a decree without such allegation. I think there was error for this reason, but my associates are of a different opinion, for the reason that Hoover's right was definite and certain and all the other interested parties could protect their rights by redeeming.

For the reason stated, the decree will be reversed and the cause remanded to the circuit court of Pocahontas county, with direction to enter a decree, requiring a sale first of the land, excluding the timber thereon sold to Taylor and the Bonds, and, if the proceeds thereof shall be insufficient to pay the purchase money due the plaintiffs, and their costs, then so much of the timber sold as aforesaid as shall be necessary to satisfy the balance of the purchase money lien and costs, and for further proceedings. Costs in this Court will be decreed to W. C. Bond and N. U. Bond, the parties substantially prevailing here.

*Reversed and Remanded.*