## CHARLESTOWN.

26    479
f65   566

*Z.* G. AND A. SOMMERVILLE *v.* J. SOMMERVILLE *et al.*

Submitted September 10, 1885—Decided September 19, 1885.

1. In enforcing a vendor's lien against the estate of a deceased vendee his personal representative is a necessary party to the suit ; and the court ought to require the personal estate in the hands of the personal representative to be first ascertained, and how much of it is applicable to the payment ·of the purchase-money due, and should require it to be applied before decreeing a sale of the land to pay the lien. (p. 482 )

2. Under sec. 1 of ch. 132 of the Code a sale can not be set aside merely because the commissioners failed to give bond before making it. (p. 483.)

The opinion of the Court contains a statement of the facts of the case :

*R. S. Blair* for appellants.

*T. E. Davis* for appellees.

JOHNSON, PRESIDENT :

The plaintiffs in March, 1880, filed their bill in the circuit court of Ritchie county alleging, that their father John A. Somerville in 1872 purchased a tract of seventy acres of land on Pine creek in said county of John Somerville for $700.00, of which he paid $100.00 in cash agreeing to pay the residue in six annual instalments ; that a contract for the sale and purchase of said land was executed by the said John A. and John Somerville ; that afterwards their mother, Martha, intermarried with the defendant Clinton Davis, but before said marriage she and said defendant John Somerville agreed, that said contract should be cancelled, and that in considera-

tion of the part of the purchase-money, which had been paid he would execute to said Martha, a deed for six acres of the said seventy acres, which he did; and the contract was destroyed. The plaintiffs charge, that this arrangement was a fraud upon their rights, and that they are entitled to have said contract made with their father specifically enforced, and they ask that the deed made to said Martha be declared null and void and a deed be made to them for the six acres, for the reason that there is a good house upon said six acres, and it would be of more advantage for them to have that unincumbered than the whole tract with the lien thereon; but if that is not possible they pray, that the contract made with their father be specifically enforced, and for general relief. The deed from John Sommerville to their mother is exhibited with the bill.

John Sommerville answered the bill and in his answer says, that he made a deed to John A. Sommerville for the land mentioned in the bill and delivered it to him, about the time he moved on said land, in which he retained a vendor's lein for $600.00; that before his death the said John A. made other payments besides the $100.00 paid down, amounting to $26.00 more; that after the death of said John A. believing it would be the best for the children of said John A. he took up the old deed and for the money paid executed the deed mentioned in the bill to the said Martha for six acres; that he believed it was best for the children he should do this; at the same time he knew it was not according to law; that after the said Martha married the defendant, Davis, respondent "insisted, that they make over the worth of said property to the heirs, and entered into an agreement in writing with them to that effect, providing that the land in question be sold and the proceeds paid to the guardian for the use of said heirs." He further says, that, if the deed to said Martha be set aside as prayed for in the said bill, and respondent be left to enforce his vendor's lien against the land, he believes the land will not bring enough to pay the purchase-money yet due; he says he is willing that it should be set aside, and that he will make the said deed to the heirs, which would be a liberal compensation for the money paid by their father. His prayer is that the answer be treated as a cross-bill, and that

said deed be set aside, and a deed for said six acres be made to the heirs of John A. Sommerville. He also filed an amended answer, in which he says, that since the institution of the suit he has used all the means within his power to have the said Martha Davis and her husband make a deed for said six acres of land to the heirs of John A. Sommerville; that they had repeatedly promised to make said deed but had failed to make the same and thus remove the cause of complaint from the plaintiffs in this cause; that "he is advised, that when he * * made, acknowledged and delivered to the said John A. Sommerville a deed to said seventy-one acres of land, retaining his vendor's lien on the same, in the year 1874 as set out in the respondent's answer and cross-bill, the legal title to the same was vested in and remained in him the said John A. Sommerville until the time of his death, when the title to said land was immediately vested in his heirs subject to the dower interest of the said Martha Sommerville, now Davis, and to your respondent's vendor's lien for the residue of the said purchase-money. He sets up specifically, that he executed said deed for seventy-one acres of land to said John A. Somerville on December 25, 1874, and charges, that by reason of said lien retained in said deed he is entitled to have said land sold for the payment of said purchase-money due thereon; he prays, that his lien for the purchase-money may be enforced.

Martha Davis answered the bill and claims that $150.00 had been paid on said land. She avers, that she committed no fraud; admits she did what is charged in the bill, but says she did it for the best interest of her children. She says that she is unable to read writing, but supposed the deed was to her for life and then to her children.

On March 5, 1881, the cause was heard, and the deed to Martha Sommerville, now Davis, for the six acres was cancelled, and it was ascertained, that the purchase-money due amounted to $802.28 and was a lien on said land; and the court decreed the "said deed null and void and of no effect whatever, and it further adjudged, ordered and decreed that complainants or some one of them do pay to John Sommerville the residue of the purchase-money, which is now due on the said seventy acres, which amounts to this date to-wit, on March 7, 1881 to $802.28, and which is declared to be a lien by

virtue of the lien retained in deed for said seventy acres of land," and provided, that if not paid within thirty days, commissioners therein appointed should sell the same, and providing that bond should be executed before sale, &c. The commissioners filed their report of sale showing that the land was sold to John Sommerville for $550.00. The court overruled the exceptions of defendant, Martha Davis, and confirmed the sale and provided for making a deed to Sommerville for the said land, and further provided: "And it appearing to the satisfaction of the court that the net proceeds of the sale aforesaid, are not sufficient to satisfy and discharge the amount heretofore decreed to the said John Sommerville and after deducting the net proceeds of this sale there will still remain due and owing to the said John Sommerville the sum of $221.00, leave is given to the said John Sommerville to sue out execution for this amount."

Martha Davis excepted to the sale, on the ground that the land sold for a grossly inadequate price, and in support of the exception filed five affidavits; and she further excepted, on the ground that the commissioner had not given bond, as required by law. As before stated, the exceptions were overruled. A bond purporting to have been filed by the commissioner some days after the sale was made appears to be copied by the clerk, but it is no part of the record.

From the several decrees the plaintiffs appealed.

The first error assigned is, that no decree should have been rendered in the absence of the personal representative of John A. Sommerville. This is true. In enforcing a vendor's lien against the estate of the vendee after his death the court ought to require the personal estate in the hands of the administrator to be first ascertained, and should ascertain how much of it is applicable to the payment of the purchase-money due, and should require the personalty to be so applied, before it decrees a sale of the land to pay the lien. In such case of course the administrator is a necessary party to the suit. (*Bierne* v. *Brown*, 10 W. Va. 748.)

It is insisted, that the court erred in cancelling the deed for the six acres to Martha Sommerville. In this the court did not err, as the legal title to the land was in the heirs of John A. Sommervile.

As the decrees must be reversed, it is unnecessary to consider, whether the land sold for a grossly inadequate price.

It is insisted, that the court erred in setting aside the sale, because the commissioners had sold the land before executing the bond. The Code, sec. 1, ch. 132, provides: " A court in a suit properly therein may make a decree or order for the sale of property in any part of the State, and may direct the sale to be for cash, or on such credit and terms as it may deem best; and it may appoint a special commissioner to make such sale. No special commissioner appointed by a court shall receive money under a decree or order, until he give bond before the said court or its clerk." Chap. 142, sec. 1, Acts of 1882, amending this section, provides among other things, that " No sale shall be made by such commissioner until such bond and security has been given and approved by the clerk; and every notice of such sale shall have appended to it the certificate of such clerk, that the bond and security have been given by the commissioner as required by law." , The law, it will be seen, is much more stringent now than under the Code. The sale in this case was made under the provision of the Code. We can not say, that the failure to give bond in this case before the sale vitiated it. The provision of the Code does not authorize us to say the sale for this reason was void.

It is a mistake to say, that there was a personal decree against the infants. It does not amount to a personal decree, and no execution could issue thereon. It amounts merely to an ascertainment of the amount due on the land. Of course no personal decree could be rendered against the heirs for the debt of the ancestor. (*Rex* v. *Creel*, 22 W. Va. 373.)

For the reasons aforesaid the decrees appealed from are reversed with costs to the appellants, and the sale is set aside, and the cause remanded with leave to amend the bill as herein indicated.

REVERSED. REMANDED.