# CHARLESTON.

## STAFFORD v. JONES *et al.*

Submitted June 4, 1908.    Decided April 27, 1909.

1. MORTGAGES—*Foreclosure—Sale Under Trust Deed.*
   After the institution of a judgment creditors' suit to enforce liens under section 4147, Code 1906, a trust deed creditor who has been made a party to the suit can not have sale under his trust deed out of court, but must abide the action of the court. (p. 570.)

2. SAME—*Injunction—Grounds.*
   Such trust deed creditor and his trustee may be enjoined from making sale under the deed of trust, notwithstanding his lien may be prior to all others; and it is not error to refuse to dissolve the injunction and decree a sale of the trust property until it is judicially determined that such trust creditor lien has priority. (p. 569.)

3. APPEAL AND ERROR—*Appealable Order.*
   A decree refusing to appoint a special receiver is not appealable. (p. 572.)

Appeal from Circuit Court, Mingo County.

Bill by Minnie B. Stafford against H. C. Jones and others. Decree for plaintiff, and defendant W. P. Hawley appeals.

*Affirmed.*

HAROLD A. RITZ, for appellant.

SANDERS & CROCKETT, COOK & HOWARD and JOHN L. STAFFORD, for appellee.

WILLIAMS, JUDGE:

D. M. Easley, substituted trustee in a trust deed executed by H. C. Jones conveying certain real estate in Bluefield, Mercer county, West Virginia, to secure a note owned by W. P. Hawley, advertised to sell on the 8th day of February, 1908. Pending the publishing of this notice of sale, Minnie B. Stafford, a subsequent judgment creditor of H. C. Jones, brought a lien creditor's suit in the circuit court of Mingo county, against said Jones making other lienors, including said Hawley and the trustee, parties to the suit, for the purpose of enforcing the liens against Jones' land, and enjoining the sale by the trustee until the amounts and priorities of the liens could be ascertained.

The injunction was granted; and, on the day before the trustee's sale was to have been made, it was served upon the trustee and said Hawley.

Original process issued on the 5th of February, 1908, returnable to "March Rules," and was served on H. C. Jones, the judgment debtor, on the day of its date, and on W. P. Hawley and D. M. Easley, trustee, on the 8th of February, 1908. There are other lien creditors, parties to the bill, upon whom no service appears to have been made.

Plaintiff alleges that Jones is the owner of real estate in Mingo and in Mercer counties; that Hawley's trust deed lien is upon land in Mercer county, alleging the date thereof and the date of her judgment, thereby showing that the trust deed is prior to her judgment. But it does not allege the dates and amounts due of all the liens; nor that Hawley's lien is prior to all others.

The bill is filed on behalf of plaintiff, and all other lien creditors, and further alleges that the sale by the trustee, if permitted to be made for cash, as it was advertised to be sold, and in the condition of the title on account of the unsettled liens, would result in a great sacrifice of the lands. The bill was sworn to, and was filed at March rules, 1908. Hawley filed his sworn answer in term, on the 4th of March; and moved for a dissolution of the injunction, and for the appointment of a receiver to take charge of Jones' land and collect the rents and profits, and hold the same subject to the future order of court. Notice of motion for a receiver had been served upon Jones; and both he

and the plaintiff appeared to the motion to dissolve the injunction. The court denied both motions, and from that order Hawley appealed.

Two questions are presented: (1) Was it error to refuse to dissolve the injunction? and (2) Was it error to refuse to appoint a receiver?

Hawley's answer denies none of plaintiff's allegations; but some of them, for want of information, he refuses to admit. In support of his motions he alleges that, since the making of the trust deed securing his debt, Jones had sold and conveyed some of the land covered by it; that the property embraced in his trust deed consists of houses and lots in the town of Bluefield; that the houses are badly in need of repair; that taxes are unpaid; that there remains not more than a sufficient amount of land embraced in his trust deed to satisfy his debt, which he alleges to be $6,221.75, with interest from the 4th of January, 1908; that his is the first lien on said real estate; that considerable sums of money are derived by Jones as rents from said houses; but it is not alleged that Jones is insolvent. He prays for a dissolution of the injunction, and for the appointment of a receiver. To this answer Jones, at the same time, filed his sworn replication; but he did not answer the bill. In his replication he admits the amount of Hawley's lien and its priority, and specifically sets out the value of each parcel of land covered by the trust deed, and advertised to be sold by the trustee, which according to his estimate, amounts to very much more than the trust debt. He also admits having sold certain lots after the trust deed was given. He denies that the taxes had not been paid, and specifically sets forth certain improvements which he had made on his houses. He further avers that the buildings thereon are insured against loss by fire for the benefit of said trust creditor, for an amount ample to pay said debt in case of loss by fire. He avers his solvency, and that he owns considerable other property than that covered by the trust deed, and that he is able to respond to any judgment that might be returned against him, for any deficiency that might result from a sale of the property covered by the deed of trust. No proof was taken.

The question presented is, whether or not, upon this showing, and at this stage of the case, the court should have dissolved the injunction and directed the trustee, as commissioner, to ex-

ecute the trust and bring the fund into court. It clearly appears, from the state of the pleadings, that the cause was not matured for final hearing; nor does it seem that an order of reference could have been made, as it does not appear that any notice had been given of a motion for such reference at that term. A number of the defendants had not answered and the cause was not matured as to them.

This is a lien creditors' suit, brought on behalf of Hawley and all other lien creditors under the provision of section 4147, Code 1906, the concluding clause of which section reads: "If after the commencement of such suit, any lien holder commence any other suit or proceeding in or out of court to enforce a lien claimed by him on the real estate, or any part thereof, of the judgment debtor, upon which a lien is sought to be enforced by such suit, the court, or the judge thereof in vacation, may enjoin him from so doing, and require him to come in and assert his lien in such suit, or make such order or decree in relation thereto as to such court or judge may seem right and proper to protect the interest of all parties having such liens."

This statute unquestionably denies the right to the trust creditor to enforce his lien out of court. In construing the above statute in the case of *Parsons* v. *Snyder*, 42 W. Va. 517, this Court held that, where a trust creditor and his trustee had been made formal parties to such creditors' suit, they could not thereafter make sale under the deed of trust. Point 5 of the syllabus in that case further holds that such trust creditor cannot defeat the action of the court by such independent proceeding outside of the suit, but that he must await the court's action. This case, however, does not go so far as to decide that such trust creditor, if he be the prior lienor, may not have a sale of the trust subject under an order of the court, and before a final decree adjudicating the rights and priorities of all the parties. Hawley's answer and Jones' replication thereto show the exact amount of Hawley's lien, and that it is the first lien on the land covered by the deed of trust. This fact is, therefore, conclusively established as between Hawley and Jones; and by the law as laid down by this Court in *Bensimer* v. *Fell*, 35 W. Va. 16, and *Bank* v. *Distilling Co.*, 41 W. Va. 530, it is also conclusive on other lienors, unless fraud or collusion be shown. These cases decide that one judgment creditor cannot, in such judgment creditors'

suit, collaterally attack the judgment of another creditor except for fraud. This rule we understand to apply also to a lien of a trust deed. But may not the other lienors dispute the priority of the lien? One of the chief purposes of such a suit is to determine priorities of liens; and any lienor has the undoubted right to dispute the priority of any other creditor's lien. Consequently, Jones' admission of the priority of Hawley's trust lien is not conclusive on the other lienors; and, until this asserted priority is determined either by their answer admitting it, or by the finding of a commissioner, it could not be certainly said that Hawley's trust lien is prior to the liens of some other creditors. The dates of some of the judgments do not appear from the pleadings. It might bring about great confusion, if the court should direct a sale of the land before the priorities of the liens are determined in a manner binding on all of the parties. The creditors who might want to bid for the land at a sale would be uncertain as to their rights, and would not know how to bid on the property. Such a condition would tend to becloud the title and to materially depreciate the value of the property.

The fact that the trustee advertised to sell for cash is not a matter of which Jones can complain, and is certainly not a matter of which any creditor of his could complain. Jones himself is responsible for this, having stipulated in the deed of trust the manner of sale; it is a part of his solemn agreement; the court itself in decreeing sale could not change the contract of the parties, if the trust deed is the first lien, and direct a sale on any different terms. So that, if a cash sale should work a hardship on Jones, he is the author of it. *Watterson* v. *Miller,* 42 W. Va. 108; *Wood* v. *Krebbs,* 33 Grat. 685.

Section 4147, Code 1906, does not deny a prior trust deed creditor the right to have a sale by order of court of the trust property according to the terms of his trust, after the bringing of a lien ceditor's suit to which he is made a party, before an ascertainment of the rights of all subsequent lienors and before final decree. It simply prohibits him, after such suit, from proceeding out of court, or from instituting any other proceedings in court. His rights must be administered in the judgment creditor's suit. There would seem to be no good reason for requiring a prior trust creditor to stand by and wait the determination of the rights of all subsequent lienors, after his lien

has been conclusively determined; the determination of their rights could in nowise affect his; neither could any pending questions among subsequent lienors in anywise affect the title of the trustee. In such a case the court might, with perfect propriety, and without danger of violating the rights of subsequent lienors, direct a sale of the trust property, and require the fund to be brought into court for distribution.

In view of the fact that it is not conclusively shown that Hawley's trust debt is the first lien, and in view of the fact that its alleged priority is liable to be controverted by other parties to the suit, we do not think the court erred in refusing to dissolve the injunction.

It is insisted that it was error to refuse to appoint a receiver to take charge of Jones' real estate, collect rents and profits and preserve the same for the future order of the court. The refusal to appoint a receiver is not an appealable order. But an order appointing a receiver has been held to be appealable on the ground that it falls under the seventh clause of section 4038, Code 1906, allowing an appeal from an order requiring the possession or title of property to be changed. *Ruffner* v. *Mairs,* 33 W. Va. 655. There are a number of cases decided by this Court where the action of the circuit court in the appointment of receivers has been reviewed; but none reviewing such action in case of a refusal to appoint a receiver. And it has been at least once before expressly decided by this Court that an order refusing to appoint a receiver is not appealable. *Robrecht* v. *Robrecht,* 46 W. Va. 738. We therefore hold that we have no jurisdiction to entertain an appeal from the order refusing to appoint a receiver.

For the reasons herein expressed we will affirm the decree.

*Affirmed.*