# CHARLESTON.

## BURNS v. WALDRON.

### Submitted May 2, 1916.   Decided May 9, 1916.

MORTGAGES—*Foreclosure—Decree of Sale.*

A commissioner's report shows that a debtor owns four parcels of land; that there is a deed of trust covering three of the parcels; and that there are liens upon the other parcel. The report shows clearly that the deed of trust lien is first in priority on two of the parcels; and the amount thereof is not controverted. The report was excepted to, but the exceptions were overruled as to the lien on said two tracts, and the decision of the court regarding the liens on the other two tracts adjourned for further consideration of the court. *Held:* That is was not error for the court to direct a sale of the two parcels upon which it was conclusively shown that the deed of trust was a first lien and the amount thereof ascertained, without waiting to determine the liens on the other two parcels, the proceeds of the sale to be brought into court for distribution.

Appeal from Circuit Court, McDowell County.

Suit by J. W. Burns against John W. Waldron and others. From decree for plaintiff, the defendant named appeals.

*Affirmed.*

*Anderson, Strother, Hughes & Curd,* for appellant.

*Sam Polon* and *G. W. Howard,* for appellee.

MASON, JUDGE:

The only question involved in this case is whether or not there is error in the decree directing the sale of two parcels of land upon which there is a deed of trust, which is a first lien thereon, without ascertaining other liens against this and other real estate belonging to the debtor and fixing their amounts and priorities. This suit was instituted by J. Walker Burns and others against John W. Waldron and others, to subject the real estate of Waldron to the payment of his debts. The plaintiff had a judgment against Waldron. Waldron was the owner of four parcels of land in McDowell County, namely: First, one lot in Perryville; second, a parcel of land in said county, containing 250 acres; third, one lot in Perryville; and fourth, a parcel of land situated in the town of Welch.

The defendant Waldron executed a deed of trust on parcels Nos. 1, 2, and 4, to M. S. Taylor, Trustee, March 9, 1912. Parcel No. 4, as above indicated, is situated in the town of Welch, and the said town of Welch has a claim against Waldron for street improvements, which the commissioner reports as a first lien on said parcel No. 4, and that the said deed of trust is a second lien on parcel No. 4, but a first lien on said parcels Nos. 1 and 2. The commissioner also reports that Joseph M. Sanders, Trustee, has a first lien on parcel No. 3, to-wit, on the lot in Perryville, and that plaintiff's judgment is a lien second in priority on parcels Nos. 1, 2, and 3, and third in priority on parcel No. 4, that is the lot in Welch. There is also another deed of trust in favor of Joseph M. Sanders, reported as a third lien on parcel No. 3; and a judgment in favor of the National Bank of Keystone, which is reported as a third lien on parcels Nos. 1 and 2, and a fourth lien on parcels Nos. 3 and 4.

There were exceptions to this report. The court approved and confirmed the report as to its finding that the deed of trust in favor of M. S. Taylor is a first lien on parcels Nos. 1 and 2, and directed a sale of these two parcels and took time to consider as to its decision upon the other exceptions to the report. A commissioner was appointed and directed to make sale of said two parcels and to bring the proceeds of the sale into court to be distributed among the lien creditors of John W. Waldron as the court may direct.

From this decree the defendant Waldron has appealed. The appellant insists that the court erred for the following reasons:

First; "That the court should not decree a sale of two of the four tracts, lots or parcels of land owned by appellant, and reported as owned by him by said commissioner Counts in said report of June 7, 1915, but, instead of so doing, should pass upon and settle the liens against appellant's lands, and their priorities, and direct a sale of all of the appellant's lands, or so much thereof as necessary to pay off said liens."

Second; "That the court could not direct that the proceeds of the sale be brought into court by a special commissioner appointed to make the sale, to be distributed among the lien creditors of appellant, as the court might direct, but should first, before decreeing a sale, pass upon and settle the liens against appellant, and the order of their priorities, and show on the face of the decree the amounts and priorities of the judgments and other liens against the appellant."

"A decree in a suit brought by a judgment creditor should, upon its face, show the amount and priority of every debt against the land of the judgment debtor, the person to whom same is payable, and the fund out of which it is entitled to be paid." Part 7th clause, syllabus, *Bank* v. *Wilson*, 25 W. Va. 243, approved by the following cases: *McCleary* v. *Grantham*, 29 W. Va. 311; *Hurt* v. *Hurt*, 31 W. Va. 699; *Hull* v. *Hull*, 35 W. Va. 155.

Counsel for appellant are correct as to the general rule. "The general rule is that the sale of real estate should not be decreed to be made until the lien holders have been convened as prescribed, and the amounts and priorities of their liens

ascertained. A departure from this rule can only be justified by some good reason, expressly given, or otherwise plainly appearing.'' Note 8, section 5099, Code 1913, and cases there collated.

There is no question as to the lien of this deed of trust, its priority or amount. Clearly it is a first lien on parcels Nos. 1 and 2. The only exception to the commissioner's report not disposed of, involves the claim asserted by the town of Welch against the parcel of land in that town, and this lot is not directed to be sold. The defendant Taylor, Trustee, having a first lien on said parcels Nos. 1 and 2, there would seem to be no sufficient reason why he should be delayed until the other controversies are settled. In other words, it is sufficient reason for departing from the general rule. This case is controlled by *Stafford* v. *Jones*, 65 W. Va. 567, in which this court said, on pages 571-2: ''Section 4147, Code 1906, does not deny a prior trust deed creditor the right to have a sale by order of court of the trust property according to the terms of his trust, after the bringing of a lien creditor's suit to which he is made a party, before an ascertainment of the rights of all subsequent lienors and before final decree. It simply prohibits him, after such suit, from proceeding out of court, or from instituting any other proceedings in court. His rights must be administered in the judgment creditor's suit. There would seem to be no good reason for requiring a prior trust creditor to stand by and wait the determination of the rights of all subsequent lienors, after his lien has been conclusively determined; the determination of their rights could in no wise affect his; neither could any pending questions among subsequent lienors in anywise affect the title of the trustee. In such a case the court might, with perfect propriety, and without danger of violating the rights of subsequent lienors, direct a sale of the trust property, and require the fund to be brought into court for distribution.''

Following the principles of that case, we affirm the decree of the circuit court in this case.

*Affirmed.*