# CHARLESTON.

GEORGE v. BROWN *et als.*

Submitted April 29, 1919.   Decided May 27, 1919.

1. EXECUTORS AND ADMINISTRATORS—*Administrator's Suit to Sell Land to Pay Debts—Insufficiency of Personality.*

    An administrator can maintain a suit to sell the lands of his decedent for the purpose of paying debts only when the personal estate is insufficient therefor.   (p. 364).

2. SAME—*Parties—Intervention by Administrator in Partition Suit.*

    The administrator is not a proper party to a suit by one of the heirs for partition of the lands, and has no right to intervene and have such suit stayed in order to have the debts paid and himself reimbursed out of the land or its proceeds, if it appears sufficient personal property to pay the debts of decedent came into his hands and he prematurely distributed the same.   (p. 364).

3. APPEAL AND ERROR—*Appealable Orders—Appointment of Special Receiver.*

    An order refusing to appoint a special receiver to collect rents from real estate, is not appealable and, therefore, not reviewable by this court.   (p. 367).

Appeal from Circuit Court, Harrison County.

Bill for partition by Mrs. Dora H. George against John W. Brown and others, in which John W. Brown was permitted to file his petition as administrator, requiring plaintiff to amend her bill by making the administrator a party, and, on plaintiff's refusal to amend, the bill was dismissed, and she appeals.

*Reversed and remanded.*

*M. G. Sperry* and *Wm. T. George* for appellant.

*R. R. Wilson, E. B. Templeman, Steptoe & Johnson* and *Robert E. Umbel,* for appellees.

WILLIAMS, JUDGE:

Beeson H. Brown, a resident of Clarksburg, West Virginia, died intestate about the 7th of October, 1915, seized and possessed of numerous houses and lots, tracts of land, mineral leases and mining rights and privileges, and a considerable amount of personal property, leaving the following collateral kindred as his only heirs at law, viz: John W. Brown, a brother, Mrs. Martha L. Umbel, a sister, and the following nieces and nephews: Charles M. and Russell J. Brown and Mrs. Buena V. Umbel, children of a deceased brother Jacob Brown, and Mrs. Dora H. George, the plaintiff and wife of W. T. George, and Hayes Howell, her brother, children of Mrs. Mary Brown Howell, a deceased sister. John W. Brown resides in Harrison county, Mrs. George and her brother, Hayes Howell, in Barbour county, West Virginia, and the remaining heirs, in Uniontown and in Somerfield, Pennsylvania.

Mrs. George, the plaintiff, filed her bill at the February Rules, 1918, praying for a partition of the lands, making all the other heirs defendants thereto. She alleges that said John W. Brown and her husband, William T. George, on the 11th day of October, 1915, qualified as joint administrators of said estate; that thereafter in September, 1916, the said George was removed as such administrator, on account of ill health, on the motion of said John W. Brown, who has since continued to be the sole administrator. She charges, upon information and belief, that deceased was also the owner of interests in real estate, other than the lands specifically mentioned in her bill, consisting of mineral leases and rights held in trust by said John W. Brown and his father-in-law, Benjamin Wilson, now deceased, who was an attorney at law and the confidential advisor of said Beeson H. Brown, deceased, that the said Benjamin Wilson executed a paper writing declaratory of the trust on which the title to said property was held, which, together with the books of accounts

and all other papers pertaining to the estate of Beeson H. Brown, is in the possession of said John W. Brown. She also charges that said administrator, immediately after the death of Beeson H. Brown, took possession of all the real estate, without her or her brother Hayes Howell's consent, and has collected the rents therefrom to the extent of $6,000 or more, and has failed to account to plaintiff for her share, claiming the right to withhold and apply the same according to the terms of a written contract between himself and the other heirs, but that neither she nor her brother signed said contract nor in any manner consented thereto, and charges him with mismanagement and gross neglect in the renting of said property and seeks recovery of the one-eighth interest of the true and actual value of such rents as should have been collected. She further charges that a house and lot in the town of North View, belonging to said estate, was sold by the heirs to one Floyd Proudfoot, and a sale of land and timber, in Braxton county, was made to one Ott Rader, reserving the coal, oil and gas and other minerals, and admits signing the deed to the last named purchaser, but avers her husband did not join in the execution thereof, and nothing has been paid her in consideration therefor, and asks that the deed to said Rader be set aside and her interest in the land assigned to her. She makes said Rader a party defendant and prays that he may be required to answer the bill under oath, disclosing the date of the deed, the consideration therefor and whether he has removed any timber from said land and, if so, the amount and value thereof. She prays for a partition of all the real estate of which Beeson H. Brown died seized, for an assignment to her of her one-eighth portion thereof, for the appointment of a special receiver to take charge of said real estate, with authority to manage the same and collect the rents and make such repairs as may be necessary to preserve the property, and for a sale and partition of the proceeds of such lands as cannot be partitioned in kind; that said John W. Brown be required to pay into the hands of such special receiver the rents which he had collected since decedent's death and that he be required to answer under oath

and disclose the full amount of such rents and what disposition he has made of the same; that he also make disclosure concerning such title papers as have come into his hands as the administrator of Beeson H. Brown, deceased, respecting property held in trust for deceased, either by himself, his father-in-law Benjamin Wilson or by any other person.

Two of the defendants, John W. Brown and Martha L. Umbel, answered denying the charge of fraud or mismanagement in respect to the renting of the real estate, averring that said Brown, in collecting the rents, was acting under authority as agent duly given or acquiesced in by plaintiff and all the other heirs. Defendant Brown admits the sale of the house and lot to Proudfoot, at the price of $2,000, and also the sale of Beeson H. Brown's interest in a certain tract of land in Braxton county, excepting the coal, oil and gas and other minerals therein, to Ott Rader, at the price of $4,000, and avers that all the heirs, including plaintiff, joined in the execution of the deed therefor. He denies that either he or his father-in-law, Benjamin Wilson, or any other person, so far as he knew, held title to any property in trust for Beeson H. Brown, and denies any knowledge or information of the existence of any paper writing evidencing such a trust, and avers, so far as he knows, all titles to real estate owned by Beeson H. Brown were matters of public record in the counties wherein the real estate lies. He admits he and W. T. George, plaintiff's husband, qualified as co-administrators of Beeson H. Brown shortly after his death; that said W. T. George, because of ill health and consequent inability to attend to the duties of the office, was removed therefrom by an order of the county court that appointed them, made on the 23rd of September, 1916, and since that date he has acted as the sole administrator; and avers that, before their appointment as such administrators, it was agreed between them and all the heirs that Judge Robert E. Umbel, son of Martha L. Umbel, one of the Pennsylvania heirs, should be made a joint administrator with them, but afterwards, learning that his non-residence rendered him ineligible under the laws of this state, it was agreed between respondent and said George

that, as said Umbel was an attorney and represented the
Pennsylvania heirs, they would confer with him and accept
his counsel in the administration of the estate, and share
equally with him their commissions, that when any two of
them agreed respecting an act pertaining to the administra-
tion it should be considered as binding upon the administra-
tors, and that a paper writing evidencing such agreement
was then signed by all three of them; that no commissions
have yet been paid either of said administrators, on account
of the fact that distributions of a large part of the personal
estate have produced a deficit, making a refund by some of
the distributees necessary in order to equalize them and pro-
duce a fund with which to pay expenses of administration
and unpaid debts of the estate; that the distributees being
also the heirs, and entitled to share in the real and personal
estates in the same proportion, it was agreed among them
that the administrators should take charge of the real estate
as agents for the heirs, collect the rents and apply them in
the same manner as the personal estate should be applied;
that the said W. T. George acquiesced in this agreement and
joined in the collection of rents up to the time of his removal,
and thereafter respondent continued to collect the rents, ac-
counting therefor in the manner agreed upon.   Respondent
avers that a note for $107,435.83, held by decedent against
Josiah V. Thompson and others, of Pennsylvania, was dis-
tributed in kind among the heirs at its appraised value of
$53,718.00 by assignments to them by respondent, as admin-
istrator, of interests therein in proportion to their several
shares in said estate, suits being then pending for the collec-
tion of said debt; that of said debt there was distributed to
plaintiff and her brother, Hayes Howell, $4,815.51 each, that
after making such distribution it was discovered there was
not sufficient personal property left in respondent's hands as
administrator to pay the debts of decedent and the costs and
expenses of administration, and it will be necessary to call
upon such ones of the distributees as have received more than
their share to refund a portion thereof; that among those
from whom respondent is entitled to a refund are plaintiff

and her brother, Hayes Howell, who were immediately noti-
fied of the necessity of making such refund and strenuously
objected thereto; that thereupon he notified plaintiff and the
other heirs that he would be obliged to use the income from
the real estate then in his hands and to be thereafter collected,
to meet such deficit, pay the taxes and unpaid debts and ex-
penses of administration, and to equalize the distribution.
Respondent does not object to a partition of the lands, but in-
sists that it should not be done until some provision is made
for paying the debts and expenses of administration, and
equalizing the distribution out of the lands or the proceeds
of the sale thereof.

Over the objection of plaintiff, the court permitted said
John W. Brown to file his petition in the suit, as adminis-
trator, in which he avers substantially the same matters set
up in his answer, and required plaintiff to amend her bill
making said administrator a party in order that he might
settle his accounts, and that enough of the real estate, or the
proceeds derived from a sale thereof, might be applied to
equalize the distribution and pay the unpaid debts due by
the estate, some of which petitioner alleges came to his
knowledge after he had made distribution of the J. V. Thomp-
son debt. Plaintiff refused to amend her bill and the court
thereupon dismissed it, and she has appealed.

Counsel for petitioner contend that he was a proper, if not
a necessary party to the suit, because unequal disbursements
of the personal estate have been made, and unpaid debts
owing by the estate exceed the value of the personal property
remaining in his hands with which to pay them, and that the
administrator has a right to have the real estate sold to pay
the debts and, therefore, the right to intervene in this suit
for that purpose and also for the purpose of having an
equalization made of the distribution of the personal prop-
erty. Section 3, chapter 86 of the Code, makes all real estate
of which a person may die seized assets for the payment of
his debts, whether they be general or special. But such real
estate is liable only in the event the personal property is in-
sufficient to pay them, unless otherwise provided by will, and

here there was none.   At the common law the personal rep-
resentative had no right to have the land subjected to debts;
the heir was entitled to the possession subject only to the
right of dower, if the ancestor left a widow.  Now, by virtue
of section 7, chapter 86 of the Code, the personal representa-
tive is authorized to institute and prosecute a suit in equity
to subject the lands to the payment of decedent's debts, when
the personal estate is insufficient therefor, and is required to
make the widow, heirs and devisees and all known creditors
parties defendant to his bill.  But he is entitled to bring such
suit only in the event there is not enough personal property
to pay the debts.  In this case petitioner does not allege the
personal property of decedent was not sufficient to pay all
his debts, hence he does not show right to maintain such suit.
On the contrary, from his petition and exhibits therewith
filed, showing a settlement of his accounts as adminis-
trator for the year 1916, approved by the county
court, and a statement of his accounts for the year 1917,
now pending before a commissioner of said court, the con-
firmation of which is objected to by plaintiff, it is made to
appear that more than enough personal property came into
his hands to pay the debts, but that he disbursed a large part
thereof to the distributees, leaving some of the debts unpaid,
and insufficient personal assets in his hands with which to
pay them.   Petitioner alleges it was on account of the in-
sistence of some of the heirs and distributees, especially plain-
tiff and her brother, Hayes Howell, that he was persuaded
to make disbursement prematurely, but he should not have
yielded to their importunities, and by doing so has brought
about the situation which he now insists makes it necessary
to sell a portion of the real estate in order to equalize dis-
tribution and pay debts, in other words, to rectify his mis-
takes.  He has no right to come into this suit and stay the
proceedings in order to have this done.  There being ample
personal property to pay all debts, the heirs were entitled
to possession and the enjoyment of the rents and profits of
the land from the time of the intestate's death, and have a
right to a partition of the same amongst them.

Many authorities are cited in brief of counsel for petitioner for the proposition that, where the personal property is not sufficient to pay the debts of a decedent, or they have not been ascertained and the time for filing them has not expired, the personal representative is a proper and necessary party to a partition suit, and may protect the rights of creditors by having the proceeding stayed, in whole or in part, until the debts are paid or secured out of the real estate or out of the proceeds of the sale thereof. The following authorities cited by counsel sustain this proposition: *Smith* v. *Smith*, (Iowa), 119 Am. St. Rep. 581, particularly the notes by Judge Freeman appended thereto at pages 586-593; *Wachter* v. *Doerr*, 210 Ill. 242, 71 N. E. 401; *Hall* v. *Gabert*, 213 Ill. 208, 72 N. E. 806; *Thomas* v. *Thomas*, 73 Iowa 657, 35 N. W. 693; Freeman on Cotenancy, § 454; Tiedeman on Real Property, §195; 2 Woerner's Amer. Law of Adminstration, §568; and 20 R. C. L. 749. The rule contended for seems not to be based on statute, but is a rule of practice adopted by the courts for the protection of creditors and the prevention of a multiplicity of suits. It is unnecessary to decide and we do not say whether this rule would be applicable in our jurisdiction, upon a showing by the administrator that the personalty was insufficient at decedent's death to pay his debts, as that is not the question here presented, and does not appear ever to have been decided by this court. The question we now decide is, that an administrator is not a proper party to a partition suit by an heir, and has no right to prevent a partition of the lands, when it appears sufficient personal property to pay the debts came to his hands and he improperly disbursed the same among the distributees before paying all the debts. Nor need we determine what rights, if any, such administrator has against such distributees as have received more than their share in the distribution. It appears that the administrator required at least some of the heirs, including plaintiff and her brother, to execute refunding bonds, and *McClung* v. *Seig*, 54 W. Va. 467, holds that, if the administrator makes disbursement without knowledge of an existing debt against the estate, is

afterwards required to pay it, and has been guilty of no misconduct, he may by a suit in equity, compel distributees to reimburse him, whether he took from them a refunding bond or not.

The court's refusal to appoint a special receiver to take charge of the real estate and collect the rents, in accordance with plaintiff's prayer for such receiver, is assigned as error. While an order appointing a receiver is appealable, on the ground that possession of the property is thereby changed, *Ruffner* v. *Mairs*, 33 W. Va. 655, an order refusing to appoint one is not appealable and, therefore, not reviewable by this court. *Stafford* v. *Jones*, 65 W. Va. 567, and *Robrecht* v. *Robrecht*, 46 W. Va. 738.

The decree allowing the administrator to file his petition and dismissing plaintiff's bill on her refusal to amend the same is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*