JOHN P. ARBENZ, *Executor, Etc. v.* JOHN P. ARBENZ, *Trustee et al.*

(No. 7550)

Submitted February 6, 1934.   Decided March 27, 1934.

*Benj. L. Rosenbloom,* for appellant.
*A. E. Bryant,* for appellee Arbenz.

KENNA, JUDGE:

Elmer E. Bertschy complains of two decrees of the circuit court of Ohio County, one entered October 20, 1932, and the other, January 6, 1933, in a chancery cause brought by John P. Arbenz, executor of the will of Mary Bertschy, deceased, against John P. Arbenz, as trustee and others, for the purpose of subjecting the real estate of Mary Bertschy, deceased, to the payment of her debts.

The decree of January 6, 1933, complained of, was merely a decree or order dismissing what is termed a petition for a rehearing, filed on behalf of appellant, seeking to set aside and have reheard the decree of October 20, 1932. Since we conclude that the latter decree should be reversed and set aside, it is unnecessary to consider the propriety of the trial court's refusing to rehear matters of that decree and dismissing the so-called petition for rehearing by its decree of January 6, 1933. As to the decree of October 20, 1932, the material points complained of are (1) that it orders a sale of the decedent's land without ascertaining and applying first the personal estate of decedent to the payment of her debts, and (2) that it was error to order a person other than the personal representative to execute the decree for the sale of decedent's land, no sound reason against the appointment of the personal representative appearing.

The part of the decree directing the sale and involving the first point reads as follows:

"And it is further adjudged, ordered and decreed that the said John P. Arbenz, Executor, as aforesaid, be, and he is, hereby directed to forthwith convert into cash all of the personal estate remaining in his hands and apply the same, together with any cash he may have on hand, to the payment of the debts due and owing by the estate of the said Mary Bertschy, deceased.

"It is further adjudged, ordered and decreed that the said defendant, Elmer E. Bertschy, heir-at-law and devisee under the will of the said Mary Bertschy,

deceased, do pay the debts of said estate remaining unpaid after applying toward the payment thereof the personal estate in the hands of the said John P. Arbenz, Executor, as aforesaid, said debts being hereinbefore set forth, within ten days after the rising of this Court, and in default thereof that said real estate, or so much thereof as may be necessary be sold to pay off and discharge said debts, and for the purpose of making said sale, A. E. Bryant is hereby appointed special commissioner, * * *."

That part of the statute which authorizes proceedings on the part of executors to sell the real estate of their decedents in satisfaction of their debts, reads as follows: "When the personal estate of a decedent is insufficient for the payment of his debts, his executor or administrator may commence and prosecute a suit in equity to subject his real estate to the payment thereof as provided in this article." Code, 44-8-7.

Following the usual equitable principle of protecting land from sale for debt until and unless the personal estate available for that purpose has been exhausted, or at least a diligent attempt to subject the personal estate has been made, the courts of this state and of Virginia have heretofore held that not only must there be an ascertainment of the personal estate before sale of land can be ordered for debt, but that there must be an actual application to the debt of the proceeds of the personal estate discovered before the land may be ordered sold. This gives rise to the usual provision of such decrees as that now before us for the redemption of the land from sale by the payment of what is charged against it. It is obvious that, where there has been no application of the personalty (which must be subjected to the debt first), there can be no definite ascertainment of the amount charged against the land, and hence no sum certain, payment of which redeems the land, can be ascertained. This is typified by the decree before us. The following cases will illustrate the principle. *Bierne* v. *Brown's Adm'r.*, 10 W. Va. 748; *Sommerville* v. *Sommerville*, 26 W. Va. 479; *George* v. *Brown*, 84 W. Va. 359, 99 S. E. 509.

For the foregoing reasons, the decree complained of is reversed and the cause remanded.

*Reversed and remanded.*