W. H. COBB, *etc. v.* MORTGAGE SECURITY CORP. OF AMERICA, *et al.*

*and*

N. H. BARNARD *v.* ELIHU COBB, *Admr., etc. et al.*

(No. 7756)

Submitted May 15, 1934. Decided May 22, 1934.

*E. L. Maxwell,* for appellant.

*Staige Davis,* for appellees, Mortgage Security Corporation of America and Union Trust Co. of Maryland.

MAXWELL, JUDGE:

The first of these two consolidated suits has for its purpose the purging of usury from a trust lien debt of W. H. Cobb and Laone H. Cobb, his wife, to Mortgage Security Corporation of America. The second suit has for its purpose the settlement of the estate of Laone H. Cobb, deceased. From a decree fixing liens and their priorities and directing sale of certain real estate of the said decedent, H. N. Barnard, the plaintiff in the second suit, appeals.

One of the points of error relied upon by the appellant is that the court entered a decree of sale of certain of the real estate of the said decedent without first requiring a settlement of the accounts of the personal representatives of the said decedent. Such requirement is the general rule. *Arbenz* v. *Arbenz,* 114 W. Va. 804, 173 S. E. 881. But an unusual situation exists here. The appellant, plaintiff in the second cause, in his bill therein, unequivocally alleges that there are no remaining personal assets of the estate of Laone H. Cobb, deceased, and that such personalty as did exist has been fully and properly administered. In the face of such averment, the appellant cannot now complain that the circuit court did not require settlement of the accounts of the personal representatives of the said decedent before entry of a decree affecting her real estate. "A direct, specific admission of a fact in a pleading is binding and conclu-

sive on the party making it." *Clark* v. *Clark,* 70 W. Va. 428, 74 S. E. 234.

Further, it is urged by the appellant that "it was error to enter a decree of sale for any of the real estate owned by Laone H. Cobb, at the time of her death, without first ascertaining all the real estate owned by her, and the amount and priorities of the debts thereon, and to whom owing." This criticism pertains to the action of the court in appointing special commissioners to make sale of the real estate of Laone H. Cobb, deceased, which is subject to the deed of trust lien in favor of the Mortgage Security Corporation of America, without first completing all other ascertainments that are to be made in the consolidated causes. For example, in the decree authorizing sale of the said real estate, the court re-referred the causes to a commissioner in chancery for the purpose of settling the accounts of the personal representatives of Laone H. Cobb and W. H. Cobb, deceased, and the accounts of receiver, W. R. Cromwell, and for the further purpose of ascertaining and reporting a correct description of the tract of about 100 acres of land referred to in the first report of the commissioner in chancery. The first report showed that W. H. Cobb was seized of no real estate at the time of his death and that Laone H. Cobb, at the time of her death, owned a certain parcel of real estate in the city of Elkins and a tract of about 100 acres of land on Chenoweths Creek, Beverly District, Randolph County. Further, that there are certain unpaid taxes constituting first liens on the said parcels, respectively; that the said deed of trust lien is second in order of priority as against the said city property; and that third in order of priority, but without preference as among themselves, are the debts of H. N. Barnard, plaintiff, $205.19, Citizens Bank $150.67, and C. W. Maxwell $2,-185.51. The priority of the said deed of trust lien over all claims except taxes is not questioned. In such situation, it was not error for the court to decree sale of the real estate to which said trust lien applies without first making determination of other matters which arise in the

second suit. *Stafford* v. *Jones,* 65 W. Va. 567, 64 S. E. 723; *Burns* v. *Waldron,* 78 W. Va. 381, 88 S. E. 1098.

The further point is made that it was error to direct sale of said real estate without requiring the funds to be brought into court by the special commissioners making sale in order that the same may be distributed under order of the court. This point is not well taken. The decree appointing the special commissioners and directing them to make sale requires them to execute bond in the penalty of $10,000.00 conditioned for the faithful performance of their duties as such commissioners and to account for all moneys that may come into their hands by virtue of such appointment. The decree further requires that "what they shall do hereunder they shall report to this court." The fair construction of these requirements is that the commissioners shall bring the proceeds of sale into court along with their report of sale, all to be subject to decree of the court.

A receiver, W. R. Cromwell, was appointed by the court to take charge of the said real estate in the city of Elkins pending the suit. He did so, and made several reports of his doings to the court. His last report shows a balance in his hands of $463.02, much more than one-half of which is on deposit in a closed bank. Inasmuch as the special receiver's report seems full and complete and was not challenged, it was not necessary that the court refer the settlement of his accounts to a commissioner in chancery. *Bank* v. *Development Co.,* 88 W. Va. 414, 106 S. E. 881. It is a general rule that funds in the hands of a special receiver, just as in the case of available funds in the hands of a personal representative of a decedent, should be applied by the court on the indebtedness of the estate before directing sale of real property. *Abney-Barnes Co.* v. *Coal Co.,* 83 W. Va. 292, 304, 98 S. E. 298. Therefore, the funds in the hands of said special receiver, or such portion thereof as is available, banking conditions considered, should have been applied by the court to the reduction of the indebtedness of the Laone H. Cobb estate before directing sale of the Elkins realty. The item is relatively so small that there will be no practical differ-

ence in the result. The principle involved, however, is one that not infrequently is of very great importance. The decree should therefore be modified by expunging therefrom the reference of the special receiver's accounts to a commissioner in chancery for settlement, and by requiring the available funds in the hands of the special receiver to be brought into court and applied on the debts.

The decree is affirmed, with the modifications indicated.

*Modified and affirmed.*