EMORY TYLER, *et al., Exrs., etc. v.* E. B. REYNOLDS, *Exr., etc., et al.*

(No. 8944)

Submitted September 7, 1939. Decided October 17, 1939.

*George Poffenbarger* and *Poffenbarger & Poffenbarger* and *Joseph E. Hodgson,* for appellant.
*Emory Tyler* and *Harry K. Drane,* for appellees.

FOX, PRESIDENT:

F. M. Reynolds, by his will duly probated, devised specific parcels of real estate to each of his two sons, his daughter, and to the widow of a deceased son. He then named the executors of his will and empowered them to dispose of his personal estate, and to sell and convey all of his real estate, including that specifically devised, for the purpose of providing a fund for the payment of his debts. He evidently anticipated a surplus in his estate after the payment of the debts, as he devised and bequeathed the residue thereof to the four persons to whom

he made specific devises, to be equally divided among them; and presumably intended that, notwithstanding the power granted to sell the specifically devised real estate, the same should not be sold until the other estate had been exhausted.

The estate is admittedly insolvent. All of the property of the decedent, including that specifically devised, will fall far short of paying the debts which have been decreed against it. It is admitted, however, that at the time of the entry of the decree complained of, not all of the personal estate had been converted into cash and applied on debts. This decree was entered on the 14th day of November, 1938, and directed the sale of the three parcels of real estate specifically devised to his children, all other real estate having theretofore been decreed to be sold. The entry of this decree is assigned as error, under the rule obtaining in this jurisdiction, as defined in *Arbenz, Executor, v. Arbenz, Trustee,* 114 W. Va. 804, 173 S. E. 881, and cases there cited, because not all of the personal estate had been applied to the debts of the estate prior to the entry thereof. From this decree, E. B. Reynolds, one of the devisees of the real estate mentioned above, prosecutes this appeal, not in his individual right, but as one of the executors under the testator's will. The point is made by counsel representing creditors, that the asserted rights of E. B. Reynolds, and the other devisees, with respect to the real estate devised to each, respectively, are individual rights and not such as may be invoked by one of them in his capacity as executor. It is obvious that if this contention be upheld, it is decisive of this appeal.

The devisees, under the will of F. M. Reynolds, became vested with the legal title to the parcels of real estate devised to them, respectively, but subject to the provisions of Code, 44-8-3, which made these properties assets for the payment of debts of the testator; and subject also, to the provision of the will which authorized the executors to sell and convey these properties. Having the legal title, they had the right to redeem them from the debts of the testator. As a practical matter, the right of redemption

would only be exercised in cases where the amount required to redeem was less than the sale value of the properties, for, if greater than this value, the devisee or heir would best serve his interest by purchase of the property at the sale or its surrender to creditors of the estate of the decedent. In either circumstance, under the *Arbenz* case, he would be entitled to have clear ascertainment of the amount with which the property devised, or which had passed to him by descent, was chargeable.

This being true, what is the character of this right? Is it one which the personal representative of the decedent may and should protect; or is it the personal and individual right of the heir or devisee, in which he alone, and in his individual capacity, can assert? If the right is individual and personal, then this appeal must be dismissed.

We hold that the right of a personal representative to prosecute litigation, with regard to the estate in his charge, must be limited to those matters which affect the estate as a whole, necessarily excluding the rights of those who may be individually interested through distribution of the estate or otherwise; the rights of heirs or devisees flowing from the estate, and which accrue to them completely after the estate is settled, should be asserted and protected by them individually. Applying these holdings to the case before us, all the rights possessed by the four devisees under the Reynolds will, with respect to enforcing the application of the entire personal estate of the testator to the decreed indebtedness, thereby relieving the property devised to them, are rights which do not affect the estate as a whole, nor such as require protection by the personal representative who is, in this case, an executor under a will. The will having given the executors authority to sell and convey the particular properties involved, it is not a matter of vital concern to the executors from what class of property the debts of the decedent were paid. It may be true that an executor is under a duty to carry out the intent of the testator in the administration of his estate under a will, but this duty

does not extend to the point where it becomes the obligation of the executor, at the expense of the estate, to protect the heir or devisee in a matter in which such heir or devisee is peculiarly interested, and in which his right to protect his interest is open and clear. In this cause, the devisees, including the appellant, were parties to this suit as individuals, and in their capacity as such had the right to appeal from the decree which directed the sale of property, the legal title to which was vested in them under the will, and with respect to which they had the right to pay the debts of the testator chargeable against the same, and as preliminary thereto to have ascertained the amount that they would be required to pay in the redemption of the properties after the personal estate had been exhausted. It was incumbent upon them to assert such right, and we hold that, upon the record before us, they were the only parties entitled to appeal from the decree complained of.

It results, therefore, that the appeal granted to the executor in this case was improvidently awarded, and the same will be dismissed.

*Appeal dismissed as improvidently awarded.*

KENNA, JUDGE, dissenting:

I do not believe that it was the legislative purpose by Code, 44-8-7, to confer simply a personal right upon an heir at law to have the personalty of a decedent applied to the payment of the estate's indebtedness before the realty can be reached for that purpose, and that the personal representative cannot raise the question of an insufficient showing in that regard upon which to base a decree of sale. The section is procedural and prescribes an essential fact upon which a decree of sale must be predicated. See *George* v. *Brown,* 84 W. Va. 359, beginning at the bottom of page 364 for a detailed statement of the statute's purpose (99 S. E. 509). There can be no doubt that an executor occupies a dual fiduciary status and that in a proceeding to sell the land of the decedent he is ex-

pected to represent both the creditors and the heirs at law. 21 Am. Jur. 375. The decedent's creditors can subject land to the payment of their debts only when the personal estate is insufficient, a definite finding of which fact accords the heirs at law a concrete right to redeem before sale. I believe that, as the statutory plaintiff, it is not only the executor's right to see to it that the statute is fully complied with and the assets of the estate properly administered, but that both functions rest upon him as fiduciary duties. I am of the opinion that a careful reading of the case of *Arbenz* v. *Arbenz*, 114 W. Va. 804, 173 S. E. 881, and of the three cases therein cited bears out that conclusion. I fear that the majority holding will complicate what I think should be a statutory "rule of thumb".