FRED PETTRY *v.* G. C. HEDRICK

(CC 635)

Submitted February 4, 1941. Decided February 25, 1941.

*George W. Williams* and *A. D. Preston,* for plaintiffs.
*Ashworth & Sanders,* for defendant.

KENNA, PRESIDENT:

The Circuit Court of Raleigh County, on the joint ap-

plication of the plaintiff and the defendant, certified to this Court its rulings in sustaining the demurrer to the first count of plaintiff's second amended declaration and overruling the demurrer to the second count thereof. This action of trespass on the case was brought for the purpose of recovering from the defendant damages sustained from the wrongful taking of certain personal property valued in the neighborhood of three hundred dollars from the dwelling of the plaintiff in his absence. The demurrer occupies three typewritten pages, and we think is sufficient to reach any vital legal defect that the declaration may contain, and for this reason we prefer not to take up the specified grounds of demurrer in detail, but rather to deal with the legal sufficiency of the declaration as a whole.

The first count is quite lengthy, and contains a great many non-essential allegations. Summing up what we regard as its vital averments, it charges that on the twenty-second day of November, 1939, in Raleigh County, West Virginia, the defendant, acting by and through named agents and employees, did unlawfully and forcibly break and enter the dwelling house of the plaintiff, in the absence of the plaintiff and his family, and did then and there take and carry away in a truck belonging to the defendant the listed personal property of plaintiff, and did damage other property in plaintiff's dwelling, with resultant entire damages amounting to thirty-five hundred dollars.

We believe that the recited allegations are sufficient to constitute a cause of action. The plaintiff, however, is conclusively bound by the allegations of fact, material or immaterial, contained in his pleadings. See *Clark* v. *Clark*, 70 W. Va. 428, 74 S. E. 234; *Cobb* v. *Mortgage, etc., Corp.*, 115 W. Va. 83, 174 S. E. 697. It therefore becomes necessary to examine the other allegations of the first count for the purpose of determining whether or not the count in question contains other allegations that would have the effect of precluding a recovery, in which case, the trial court did not err in sustaining the demurrer, but

in the absence of such an averment his finding must be reversed.

The following discussion is based entirely upon the allegations of the second amended declaration, using its language so far as seems practical.

It appears that in January, 1936, the plaintiff, Fred Pettry and his wife, executed a written lease from the defendant, not acknowledged, under the terms of which they agreed to pay a rental of fifteen dollars per month for what was locally known as the Catherine Meadows house in Glen Hedrick, and that the same paper included what is called a deed of trust on the household furniture and equipment of the plaintiff to D. C. Wade, trustee; that in August, 1936, the plaintiff surrendered possession of the Meadows house with the rent fully paid, and took possession of another dwelling belonging to defendant known as house number twenty-four at a monthly rental of ten dollars, which he also surrendered with the rental paid in full on or about the eleventh day of November, 1936. On the same day, he moved into another house owned by defendant and known as number nine at a rental of fourteen dollars per month. .

Due to illness, Pettry could not pay the rent on house number nine from which he was evicted on May 12, 1937, owing $55.60, that being slightly under four months rent.

On the fourth day of May, 1937, Pettry was adjudged a bankrupt, and on the sixth day of July, 1937, the defendant filed a claim in the bankruptcy proceeding, according to the allegations, falsely alleging that the claim was secured by the deed of trust dated January 21, 1936, to D. C. Wade, trustee; that on the sixth day of June, 1938, the plaintiff was discharged in bankruptcy and on the fifth day of October, 1938, the trustee filed his report, the effect of which was to set aside all of the personal property of the plaintiff, including that described in the deed of trust of January 21, 1936, as exempt under the laws of the State of West Virginia from the claims of Pettry's creditors.

It is alleged that the defendant altered the terms of the deed of trust contained in the agreement of January

21, 1936, so that its provisions would secure the rental due upon the other two houses that Pettry rented from the defendant subsequent to the rental of the Catherine Meadows house, to the rental of which the actual terms of the deed of trust confined its security.

The declaration goes on to allege that on the fourth day of November, 1938, the defendant, being fully informed that his claim had not been allowed in the bankruptcy proceeding due to the fact that it was not properly recorded and that, but for the alteration which had been fraudulently made, its provisions were restricted to the rental on the Catherine Meadows house, fraudulently caused an action of detinue to be instituted in the name of D. C. Wade, trustee, before a justice of the peace in Shady Springs District for the purpose of recovering the personal property described in the deed of trust dated January 21, 1936, and that the proceeding was continued from time to time until December 12, 1938, when it was heard and submitted on an agreed statement of facts, and again continued; and on the first day of September, 1939, the justice entered judgment in favor of D. C. Wade, trustee, for certain articles of household goods described in the deed of trust; that on the twenty-fifth day of October, 1939, the defendant, with full knowledge that the amount secured by the deed of trust had been paid in full, being the rental on the Catherine Meadows home, and of the fact that plaintiff had been discharged in the bankruptcy proceeding, caused a writ of possession, predicated upon the judgment in detinue in favor of D. C. Wade, trustee, to be issued, and that on the same day he filed with the justice an indemnifying bond executed by himself and D. C. Wade in the penalty of thirty-five hundred dollars to indemnify Ed Kincaid against damages which might result from an execution of the writ of possession and that on the twenty-second day of November, 1939, the defendant caused Ed Kincaid, Charles A. Bigelow and Willie McNeal and other persons unknown, agents and employees of the defendant, to unlawfully and forcibly enter and remove from the plaintiff's

dwelling in his absence the household property in question.

The declaration does not set out in full any of the proceedings or the judgment in the justice's court. It does, however, plainly charge that the justice's judgment was rendered in favor of D. C. Wade, trustee, and it sets up facts, the necessary consequence of which, if established, would prevent the defendant from being the beneficiary holding under Wade, trustee, and although before a justice of the peace there is no distinction drawn between chancery causes and law actions, the plaintiff's charge that Hedrick, the defendant, wrongfully took his property while seeking to enforce the judgment in detinue rendered by the justice in favor of another individual would certainly not interfere with nor obstruct the plaintiff's right of recovery.

Neither do we believe that the allegations of the declaration concerning the plaintiff's adjudication in bankruptcy would in any way operate to defeat the plaintiff's right. Of course, liens against the property of a bankrupt may be established and discharged in the bankruptcy proceeding. Not doing so, however, does not enlarge the rights of the lienor, and there is nothing before us under the allegations of this declaration which would give Hedrick, or even the trustee, the right to seize the possession of the personal property of Pettry, a trust deed upon personalty conferring upon the trustee only the right, in the event of default, to subject the property to sale and apply the proceeds to the debt, in the absence of terms conferring a greater right which do not here appear.

Based upon the foregoing observations we do not believe that the judgment in favor of Wade, trustee, constitutes a justification for the alleged conduct of the defendant, Hedrick. Neither do we believe that the adjudication of Pettry as a bankrupt, while it likely would not serve to set aside a valid trust deed upon personalty entered into more than four months before the petition was filed, could in any manner justify the taking over of personalty lawfully in his possession after his discharge.

As to the contention that the first count of the second

amended declaration sets up a cause of action different from that set up in the first two declarations, we feel that we need only comment upon the fact that the second amended declaration does not specifically refer to either of the two previous pleadings. Under these circumstances, the insufficiency of the two previous declarations, combined with the second amended declaration, is not reached by demurrer, and can be raised only by objection to the filing or by motion to strike the second amended declaration. See *Roberts* v. *United Fuel Gas Company*, 84 W. Va. 368, 99 S. E. 549; *Love* v. *Power Company*, 86 W. Va. 393, 103 S. E. 352.

For the foregoing reasons, the order of the Circuit Court of Raleigh County is reversed so far as it sustains the demurrer to the first count of the plaintiff's amended declaration, and affirmed so far as it overrules the demurrer to the second count thereof.

*Affirmed in part; reversed in part; remanded.*